Ben HIRSCHY *v.* William F. EVERETT, Director
of Labor, and ROSSEAU/FIKES, INC.

E 82-384                                     649 S.W.2d 412

Court of Appeals of Arkansas
Opinion delivered May 4, 1983

Appellant, *pro se.*

*Bruce Bokony,* for appellee.

LAWSON CLONINGER, Judge. By a decision of the Arkansas Board of Review the claimant was disqualified for unemployment benefits on a finding that he willfully failed to disclose a material fact in obtaining benefits. Ark. Stat. Ann. § 81-1106 (h) (2) (Supp. 1981). Claimant was also found liable to repay the benefits he had received, as authorized by Ark. Stat. Ann. § 81-1107 (f) (1) (Repl. 1976).

The Board of Review is in error and we reverse.

The evidence reveals that claimant reported to the Arkansas Employment Security Division that he had no earnings for the weeks ending December 12, 1981, December 26, 1981 and January 2, 1982, and that on the basis of those reports claimant received unemployment benefits of $136.00 for each of the weeks.

Claimant's employer reported that claimant was paid $277.50 on December 11, 1981; $297.00 on December 24, 1981; and $102.00 on December 30, 1981. It is undisputed that if claimant's earnings for those weeks were as reported by the employer, claimant would have been entitled to no benefits.

At a hearing held on October 7, 1982, at the Board's direction, claimant explained that the payments reported by

his employer were for services performed prior to December 1981; that he worked as a draftsman for an architect on a contract basis and was paid for his work only when the employer was paid; and that he had been unemployed since the last week in November 1981. Claimant testified that he made no claim for benefits for the weeks in which he performed the services. At the close of the hearing, the hearing officer instructed claimant to obtain an affidavit from his employer to correct the misunderstanding, if any, and to send it to the Board of Review.

Claimant obtained a notarized statement from his employer, dated October 11, 1982, which stated:

Ben Hirschy's last day of employment with me was November 20, 1981. The attached affidavit lists check dates and amounts. I paid him — Not the actual dates he worked for me.

The claimant had no earnings during the weeks for which he made claim for benefits, and there is no basis for his disqualification. He only received belated payments for work previously performed, and those payments, as defined by statute, are not earnings.

Ark. Stat. Ann. § 81-1105 (Repl. 1976) provides that an insured worker shall be eligible to receive benefits with respect to any week if such worker is unemployed, and, of course, is in all other respects eligible. Ark. Stat. Ann. § 81-1103 (m) provides that "(1) An individual shall be deemed unemployed with respect to any week during which (a) he performs no services, and (b) no wages are payable to him with respect to that week . . . " Noteworthy, too, is the fact that on the form furnished by the Employment Security Division to employers for the employer's weekly report of earnings, the following instruction is given the employer:

Wages are 'earned' under the Arkansas law, during the week in which the work is performed regardless of the date the worker is paid.

The evidence that the claimant performed no services for the weeks he claimed benefits and that no wages were

payable to him with respect to those weeks is not contradicted.

The determination that the claimant is qualified for benefits, except for his disqualification for the alleged willful failure to disclose a material fact, has been made, and that determination has become final. We now hold that claimant made no misrepresentation and that he did not willfully fail to disclose a material fact.

The decision of the Board of Review is reversed, and the case is remanded to the Board with directions to enter an order finding claimant qualified for benefits and vacating the order which found claimant liable to repay the benefits he received.