

# ARKANSAS COURT OF APPEALS
## DIVISION II
No. E-17-218

CRYSTAL TYLER

APPELLANT

V.

DIRECTOR, DEPARTMENT OF
WORKFORCE SERVICES, AND SAINT
JEAN INDUSTRIES, INC.

APPELLEES

**Opinion Delivered:** October 25, 2017

APPEAL FROM THE ARKANSAS
BOARD OF REVIEW
[NO. 2017-BR-00605 ]

REVERSED AND REMANDED FOR
AN AWARD OF BENEFITS

### RITA W. GRUBER, Chief Judge

In this unbriefed employment-security case, Crystal Tyler appeals the Board of Review's (Board) denial of her claim for unemployment benefits. The Board based its decision on a finding that Tyler voluntarily left last work without good cause connected with the work. The Board affirmed the decision of the Appeal Tribunal, which affirmed the Department of Workforce Services' determination to deny benefits. We reverse and remand for an award of benefits.

Arkansas Code Annotated section 11-10-513(a)(1) (Repl. 2012) provides that an individual shall be disqualified for benefits if he or she voluntarily and without good cause connected with the work left his or her last work. Where a claimant has voluntarily quit work and is seeking unemployment-insurance benefits, the burden is on the claimant to show that he or she had good cause connected with the work for quitting. *Owens v. Dir.*, 55 Ark. App. 255, 256, 935 S.W.2d 285, 286 (1996). A cause that would reasonably impel

the average able-bodied, qualified worker to give up employment is good cause, *Teel v. Daniels*, 270 Ark. 766, 769, 606 S.W.2d 151, 152 (Ark. App. 1980); it includes "whether the employee took appropriate steps to prevent the mistreatment from continuing." *Id*. at 769, 606 S.W.2d at 152.

In appeals of unemployment-compensation cases, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Coker v. Dir.*, 99 Ark. App. 455, 456, 262 S.W.3d 175, 176 (2007). The findings of fact made by the Board are conclusive if supported by substantial evidence. *Id*. Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. *Id*. However, that is not to say that our function on appeal is merely to ratify whatever decision is made by the Board. *Boothe v. Dir.*, 59 Ark. App. 169, 954 S.W.2d 946 (1997). We will reverse the Board's decision when it is not supported by substantial evidence. *Id*.

The employer did not appear in the telephone conference before the Appeal Tribunal. Tyler was employed as a "casting finishing cell operator" at Saint Jean Industries, Inc., from December 13, 2016, to March 13, 2017. Documents in the record indicated that she complained to the company's human-resources department on March 2 about her direct supervisor's harassment; specifically, he had walked up behind her and pulled her shirt up without permission. Tyler testified at the hearing that two days after she had filed the complaint, she was notified that the individual would no longer be her supervisor and she would no longer have to work near him. Tyler testified that the next week, the same man



was assigned to work on a line approximately ten feet from her, which caused her extreme anxiety.

Tyler testified that she complained to her new supervisor about her proximity to her previous supervisor, but her new supervisor discouraged her from speaking with the human-resources representative again. Tyler testified that she spoke to her new supervisor several times about why the previous supervisor was still working near her, but the new supervisor would not talk to her. She testified that the new supervisor seemed unaware that the previous supervisor was not supposed to be working around her. Finally, she testified that when she asked about going to human resources again, her new supervisor told her that the human-resources representative was in meetings all day due to an ongoing audit. Tyler testified that she quit her job later that day.

The Board affirmed the Tribunal's findings that Tyler did not show that the average, able-bodied worker would have been impelled to quit under similar circumstances and that she had voluntarily left last work without good cause connected with the work:

> The claimant quit her job because she was upset that her coworker was not reassigned within the time she felt he should have been reassigned. . . . The *primary reason* the claimant quit her job was that *she believed the coworker was not being appropriately punished by being removed to a different area of the employer's facility within the timeframe she wanted it to be done.* The Tribunal *does not find that the average person would quit her job for that reason.*

(Emphasis added.)

We disagree with the Board's findings that Tyler did not have good cause connected with the work for quitting. The Board's decision that the primary reason Tyler quit was that she believed the previous supervisor was not being appropriately punished within her specific timeframe is not based on the evidence. The facts of this case show that Tyler

attempted to remedy a problem created by the employer. After Tyler initially complained to the human-resources department about her previous supervisor's harassment, she was informed she would not have to work near him again. Instead, the employer placed the previous supervisor at a work place within ten feet of her. Tyler attempted to prevent the mistreatment from continuing and to have the previous supervisor moved. She was denied assistance from her new supervisor and denied access to the human-resources department. We therefore hold that there is no substantial evidence to support the Board's finding that the average person would not have quit her job for that reason.

Reversed and remanded for an award of benefits.

HIXSON and MURPHY, JJ., agree.

*Crystal Tyler*, pro se appellant.

*Phyllis Edwards*, Associate General Counsel, for appellee.