RAYMOND R. ABRAMSON, Judge
Luz Rivera appeals from an order of the Arkansas Board of Review (Board) denying her unemployment benefits. The Board affirmed the decision of the Appeal Tribunal (Tribunal) that denied her benefits upon finding that she willfully made a false statement or misrepresentation of a material fact, or willfully failed to disclose a material fact when filing a claim for benefits. In its order, the Board also affirmed the Tribunal's decision declining to reopen Rivera's case after finding that she did not have good cause for failing to appear at the scheduled hearing on September 6, 2017. On appeal, Rivera challenges the Board's decision and argues that there was not substantial evidence to conclude that an "omission of $9.60" was a willful false statement, misrepresentation, or failure to disclose and that the Board improperly denied her request to reopen her case based on the hearing that she missed. We affirm.
Rivera filed for unemployment benefits on May 19, 2017. In early June, Rivera obtained employment through Dillard's Dollars, Inc. (Dillard's). On June 23 a "New Hire Employer Wage Audit" was sent to Dillard's, which revealed that Rivera was paid $9.60 for work during the week ending June 3, although Rivera had reported no earnings for that period. The audit also showed that, for the week ending June 17 Rivera reported earning $234.24, about four dollars less than the $238.80 that she actually earned. Based on this information, the Department of Workforce Services issued a notice of action determining that the $9.60 omission was willful and that it disqualified her from receiving unemployment benefits.
Rivera timely filed an appeal, and a telephone hearing was scheduled for September 6, 2017, in Appeal No. 2017-AT-05804. Rivera, for a variety of reasons discussed hereafter, did not attend the September 6 hearing in front of the Tribunal. The Tribunal hearing officer found that a preponderance of the evidence indicated that in filing a continued claim for the week ending June 3, 2017, Rivera underreported her wages in order to obtain benefits to which she was not entitled, and it concluded that the omitted $9.60 was a willful false statement, misrepresentation, or failure to disclose. Rivera was disqualified from receiving benefits for a total of 16 weeks. The hearing officer did not conclude that the four-dollar error from the week of June 17 was willful.
Upon receiving the Tribunal's decision, Rivera requested that the Tribunal reopen the decision because she had good cause for missing the September 6 hearing. During the good-cause hearing on October 19, 2017 (Appeal No. 2017-AT-07037), Rivera testified that she receives all of her mail at a post office box, which she checks every two to three weeks. She testified that she did not receive any notification through the online system that she would *799 be receiving a letter, and she testified that she expected communications in that same online format from the Department of Workforce Services. She stated that she had planned to check her mail on August 31, but she was in a car accident on August 30, 2017, and was incapacitated by pain and the medications she was prescribed for her injuries. Due to this incapacitation, she was unable to retrieve her mail until the afternoon of September 6--two hours and forty-five minutes after the hearing was scheduled to begin. The Tribunal found that she did not show good cause and affirmed the previous decision in Appeal No. 2017-AT-05804.
Rivera filed an appeal with the Board and proffered evidence about the omitted $9.60. The Board affirmed and adopted the Tribunal's decisions in both Appeal No. 2017-AT-05804 and Appeal No. 2017-AT-07037 in its opinion-Appeal No. 2017-BR-01551. Rivera now appeals to our court.
Our court does not conduct a de novo review in appeals from the Board. Snyder v. Dir. , 81 Ark. App. 262, 101 S.W.3d 270 (2003). Instead, we review the Board's findings in the light most favorable to the prevailing party and affirm the Board's decision if it is supported by substantial evidence. Price v. Dir. , 2013 Ark. App. 205, 2013 WL 1232103. Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion. Id. Even when there is evidence upon which the Board might have reached a different decision, the scope of the judicial review is limited to a determination of whether the Board reasonably could have reached the decision it did based on the evidence before it. Id. Our function on appeal is not merely to rubber-stamp decisions arising from the Board. Id. However, if fair-minded persons could reach the Board's conclusions on the same evidence, then we must affirm its decision. Snyder , supra.
On appeal, Rivera argues that the Board's decisions are not supported by substantial evidence. We disagree. When Rivera filed for unemployment benefits on May 19, 2017, she was given a handbook that contained information on how to report earnings. Rivera subsequently obtained employment with Dillard's. A wage audit of Rivera's possible wages earned during her claim period was sent to Dillard's on June 23, 2017. Dillard's responded July 1, showing that Rivera earned $9.60 for the week ending June 3 and $238.80 for the week ending June 17. Rivera had reported that she had no earnings for the week ending June 3 and had earnings of $234.24 for the week ending June 17. The Department of Workforce Services then issued a determination that Rivera did not correctly report her work or earnings for the week ending June 3, 2017. She was disqualified pursuant to Arkansas Code Annotated section 11-10-519(a)(2) (Supp. 2017). The determination was upheld by both the Tribunal and the Board.
Rivera failed to report any earnings at all for the week of June 3, 2017. She also failed to appear at the hearing scheduled by the Tribunal to explain why she failed to report earnings for that week. While we are sympathetic to Rivera's plight and the fact she was denied benefits over a mere $9.60 disparity, we are bound by our standard of review. Moreover, Rivera was aware that she worked for a short period of time the week of June 3 and was given the information in the handbook that required her to report those wages. The failure to report any earnings for that week supports the finding that her actions indicated a willful false statement or misrepresentation of a material fact. There has been no evidence or testimony presented to show that Rivera was unaware that she was required to report her earnings.
*800 As to Rivera's second appellate point-that substantial evidence does not support the decision that she did not have good cause for failing to appear at the September 6, 2017 hearing-we also affirm. Rivera received the "Notice of Agency Decision" mailed August 9, which found that she failed to correctly report her earnings for the week of June 3. The notice also contained her appeal rights. Rivera timely filed an appeal to the Tribunal, which was received on August 16. The Tribunal then sent Rivera a notice mailed August 22, which advised her that a telephone hearing would be held September 6. Rivera did not pick up the letter from her post office box until the afternoon of September 6-after the hearing was over.
Rivera requested that the case be reopened based on good cause. However, we cannot say good cause was shown in this case. Rivera did not check her mail for three weeks. We note that she was in a car wreck on August 30 that prevented her from checking her mail for another week. But, we emphasize that the hearing notice was mailed on August 22-eight days before she had her wreck. If she had checked her mail during that time period, she would have been aware of the hearing and could have either been able to participate or request a postponement if her car accident had incapacitated her to the extent that she could not participate in the phone hearing. We hold that there was substantial evidence to support the Board's determination that there was not good cause to reopen Rivera's case. Accordingly, we affirm.
Affirmed.
Gladwin and Murphy, JJ., agree.