Cite as 2020 Ark. App. 117

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** E-19-248

| | |
|---|---|
| | **Opinion Delivered:** February 19, 2020 |
| ZBIGNIEW KLAK<br>APPELLANT | APPEAL FROM THE ARKANSAS<br>BOARD OF REVIEW |
| V. | [NO. 2019-BR-00882] |
| DIRECTOR, DEPARTMENT OF<br>WORKFORCE SERVICES, AND<br>ST. VINCENT HEALTH SYSTEM<br>APPELLEES | REVERSED AND REMANDED |

## BART F. VIRDEN, Judge

Zbigniew Klak appeals an order from the Arkansas Board of Review ("Board") disqualifying him from receiving unemployment benefits. The Board found that for the weeks of August 4 and August 11, 2018, Klak willfully withheld earnings information from the Arkansas Department of Workforce Services ("DWS"). We reverse and remand.

### I. *Background and Procedural History*

In 2018, Klak received unemployment benefits after he was laid off from St. Vincent Health System ("St. Vincent") because of lack of work. He reported that he earned no pay during the two weeks of August 4 and August 11, 2018. However, in a June 2019 audit initiated by the DWS, St. Vincent reported that Klak had "earnings" totaling $38.78 for those two weeks, which it itemized as "top of scale pay." A notice was mailed to Klak on June 11, 2019, asking him to reply within seven days so a determination could be made

regarding whether he willfully failed to notify or disclose that $38.78 amount. The agency found that he was disqualified, and Klak appealed the agency's decision. A hearing was held on August 12, 2019, where the Appeal Tribunal affirmed that he was disqualified due to willfully making a false statement of material fact or willfully failing to disclose material facts pursuant to Arkansas Code Annotated § 11-10-519(2) (Supp. 2019). He timely appealed to the Board. In its decision from September 27, 2019, the Board found:

> The claimant testified that he was not working during the weeks in question, August 4, 2018, and August 11, 2018. He filed weekly claims for benefits for those weeks claiming no work or earnings. He explained in testimony that he . . . was not aware that he was going to receive scale pay for those weeks. He testified that he was paid every two weeks. The pay he received for those weeks amounted to $19.39. . . . The record indicates that the Division did not learn of it until June 2019 during an audit.
>
> The claimant should have notified the Division of the error. The available evidence does not establish that he made a good faith effort to do so. The Board notes that the record of this case includes a copy of an audit notice showing that an attempted fax transmission occurred on June 11, 2019, and information on the form indicates that the "result" was that it was "not sent." The error message suggests that the line was busy. This incident occurred after the Department had initiated the audit. The Board finds that the claimant *willfully withheld his earnings information from the Department, at least until the audit in June 2019,* most likely because he believed such information might impact the amount of benefits he was entitled to receive. Therefore, the claimant willfully failed to disclose material facts to the Division of Workforce Services.

(Emphasis added.) The Board upheld the Appeal Tribunal's finding that Klak willfully made a false statement of material fact or willfully failed to disclose a material fact for the weeks of August 4 and August 11, 2018. He was disqualified from receiving unemployment benefits in accordance with Arkansas Code Annotated § 11-10-519. This appeal followed.

2

## II. *Standard of Review*

Board decisions are upheld if they are supported by substantial evidence. *Blanton v. Dir.*, 2019 Ark. App. 205, 575 S.W.3d 186. Substantial evidence is such relevant evidence that reasonable minds might accept as adequate to support a conclusion. *Id.* In appeals of unemployment-compensation cases, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Id.* Even if there is evidence that could support a different decision, our review is limited to whether the Board could have reasonably reached its decision as a result of the evidence presented. *Id.* However, our function on appeal is not merely to rubber-stamp decisions arising from the Board. *Thomas v. Dir.*, 2019 Ark. App. 468, 587 S.W.3d 612; *Wilson* v. *Dir.*, 2017 Ark. App. 171, 517 S.W.3d 427.

## III. *Analysis*

The term "willful" is not defined in our unemployment-compensation statutes. For unemployment-benefits purposes, an examination of the definition of "misconduct" is instructive in providing context. To constitute misconduct, there must be the element of intent. *Hubbard v. Dir.*, 2015 Ark. App. 235, 460 S.W.3d 294. Misconduct requires more than mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies, ordinary negligence in isolated instances, or good-faith errors in judgment or discretion. *Id.* To constitute misconduct, there must be an intentional or deliberate violation, *a willful* or wanton disregard, or carelessness or negligence of such degree or recurrence as to manifest wrongful intent or evil design. *Id.* In *Rivera v. Director*, 2018 Ark. App. 436, 560 S.W.3d 797, this court affirmed the denial of

3

unemployment benefits when the Board found a willful false statement or misrepresentation of a material fact. In that case, Rivera claimed no earnings for a week even though she did work for a short period of time, she had been given information in a handbook that required her to report those wages, and there was no evidence or testimony presented to show that Rivera was unaware that she was required to report her earnings.

In this case, St. Vincent reported Klak's $19.39 ($38.78 biweekly divided by two) "weekly earnings" in response to the DWS audit form. Klak's St. Vincent pay summary shows he did not work any hours during the weeks ending August 4 and August 11, 2018. Further, the pay summary shows that the $38.78 was taken up by pre-tax deductions, taxes, and post-tax deductions such that Klak did not actually receive any money. His "net pay" was listed as $0.00.

In his audit reply regarding the $38.78, Klak said, "I didn't work at all . . . . That $38.78 was top of scale payment. I didn't expect that money when I was not working." The pay summary issued by St. Vincent reports zero hours worked and zero net pay.

The present case is much different than *Rivera*. We hold that there is not substantial evidence to support the Board's finding that Klak's failure to report was willful. He did not go to work. He did not receive a paycheck. He did not get money directly deposited into a bank account. There is no evidence that he willfully concealed anything.

The Board found that Klak willfully withheld his earnings information from DWS, *at least until the audit in June 2019*, but there is no evidence in the record that Klak knew, or had reason to know, that he had received "earnings" for those weeks in question until he

4

was notified by the audit letter. Klak cannot be found to have willfully failed to disclose material facts before he knew those facts himself.

This case is more analogous to *Hirschy v. Director*, 8 Ark. App. 174, 649 S.W.2d 412 (1983). In *Hirschy*, the claimant was initially disqualified for failure to report earned wages. At the hearing, however, he presented proof that he had not actually worked during those periods in which he was receiving unemployment benefits; instead, he was being paid for previously completed work. This court reversed and remanded the Board's determination because those amounts paid to Hirschy were not "earned wages" during his period of unemployment; thus, he had made no willful misrepresentation or failure to disclose material facts.

Reversed and remanded.

GRUBER, C.J., and KLAPPENBACH, J., agree.

*Zbigniew Klak*, pro se appellant.

*Phyllis Edwards*, Associate General Counsel, for appellee.