Cite as 2021 Ark. App. 458

# ARKANSAS COURT OF APPEALS
DIVISION I
No. E-20-312

| | |
|---|---|
| AUDREY JO RODERMUND<br>APPELLANT<br><br>V.<br><br>DIRECTOR, DIVISION OF<br>WORKFORCE SERVICES<br>APPELLEE | **Opinion Delivered** November 17, 2021<br><br>APPEAL FROM THE ARKANSAS<br>BOARD OF REVIEW<br>[NO. 2020-BR-01258]<br><br><br><br>AFFIRMED |

## STEPHANIE POTTER BARRETT, Judge

Appellant Audrey Jo Rodermund appeals the Arkansas Board of Review's (Board's) denial of unemployment benefits on a finding that she voluntarily left her job without good cause. We affirm.

### I. *Background*

Rodermund filed for unemployment benefits with the Arkansas Department of Workforce Services (ADWS), and ADWS denied her claim. Rodermund appealed the denial to the Arkansas Appeal Tribunal (Tribunal), and a Tribunal hearing officer held a telephone hearing in August 2020. The employer did not participate in the hearing, leaving Rodermund as the sole witness to provide testimony.

Rodermund testified that she worked for Teleflora for seven hours. She applied to work for Teleflora after seeing an ad on Facebook. She had recently filed for unemployment after being laid off due to COVID-19 from a sales job with MarketSource, Inc., whom she

worked for from January 30 until April 18, 2020. She stated that she met the requirements for the job—having a laptop that met certain specifications, a headset, and proper Wi-Fi speed. Rodermund began training on April 27, 2020, on a web call with Teleflora. That morning, she filled out and returned new-hire paperwork and in the afternoon downloaded Citrix, a required program, to her computer. When she downloaded Citrix, her computer stopped working. She called the IT department for assistance, and they had her delete the Citrix program and reinstall it. It was at this point that the computer started crashing and eventually "the computer just completely went black." Rodermund was told that if she could buy a new laptop that met the qualifications, she could still work. She never took the laptop to a repair shop and did not purchase a laptop that would work with Teleflora's system. Rodermund testified that Teleflora sent her more information to electronically sign so that she could get paid for the seven hours of training, but she refused to sign.

The Tribunal denied Rodermund's request for benefits under Arkansas Code Annotated § 11-10-513(a)(1) (Repl. 2013) after finding that Rodermund had quit her job with Teleflora because she was "unable to provide the necessary equipment and had to end the employment." Rodermund appealed the Tribunal's decision to the Board, and the Board affirmed. Rodermund appeals the Board's final order, arguing that the Board incorrectly characterized her termination as a voluntary resignation; that even if she did voluntarily resign, she did so with good cause; and that the Board erred by not allowing her to submit additional evidence prior to the Tribunal hearing.

On October 9, the Board affirmed the Tribunal's decision disqualifying Rodermund from receiving unemployment benefits, finding that in taking the Teleflora job, she accepted

2

the obligation to provide a computer suitable for work with certain specifications, that it was unfortunate that her computer was out of warranty and crashed, and that work remained available to her. The Board found that she effectively quit and did not quit to any condition of work that would have impelled the average, able-bodied, qualified individual to give up the job. The Board, therefore, held that she voluntarily left the job without good cause and was thereby disqualified from receiving unemployment benefits until she has had at least thirty days of employment. Rodermund appeals that determination.

## II. *Standard of Review*

This court affirms the decision of the Board when it is supported by substantial evidence. *Allen v. Dir.*, 2014 Ark. App. 233, 434 S.W.3d 384. Substantial evidence is such relevant evidence as reasonable minds might accept as adequate to support a conclusion. *Id.* We view the evidence and all reasonable inferences in the light most favorable to the Board's findings. Even if the evidence could support a different decision, our review asks whether the Board could have reasonably reached its decision based on the evidence presented. *Id.*

## III. *Discussion*

Rodermund argues that (1) ADWS improperly characterized her termination as a voluntary resignation without good cause after Teleflora's software rendered her personal laptop inoperable; (2) even if Rodermund voluntarily quit, the Board lacked substantial evidence to conclude that she lacked good cause to leave work; and (3) the Board lacked substantial evidence to find that Rodermund had a reasonable opportunity to submit additional evidence at her Tribunal hearing.

First, Rodermund argues that the Board erred in concluding that she quit her job with Teleflora without good cause under Ark. Code Ann. § 11-10-513(a)(1), which provides that an individual shall be disqualified from receiving benefits if he or she voluntarily and without good cause connected with the work left his or her last work. Rodermund argues that she was discharged after she notified Teleflora that its computer software system crashed her computer. We disagree.

Rodermund testified that she understood the company's requirement to provide her own equipment when she was hired. Rodermund admitted that she was told that if she obtained a new computer, she could continue to train with Teleflora. She did not attempt to take her computer to a repair shop and did not attempt to obtain a new computer; rather, she simply stated that she could not afford one. In addition, Teleflora asked Rodermund to fill out the remaining paperwork so she would be able to be paid for the training during the brief time she worked; however, Rodermund refused to sign anything. While Teleflora's software may have damaged her computer, there is no evidence that she was terminated because of this unfortunate event. Thus, the Board's finding that Rodermund quit voluntarily is supported by substantial evidence.

For her second point, Rodermund argues that, even if the Board was correct in finding that she quit Teleflora, she acted with good cause that was associated with her work and not misconduct. Again, she contends that the damage to her computer was not her fault.

When a claimant has voluntarily quit work and is seeking unemployment-insurance benefits, the burden is on the claimant to show that she had good cause connected to the

work for quitting. *Keener v. Dir.*, 2021 Ark. App. 88, 618 S.W.3d 446. Furthermore, "[g]ood cause has been defined as a cause that would reasonably impel the average able-bodied, qualified worker to give up his or her employment." *Id.* at 4, 618 S.W.3d at 449 (quoting *Carpenter v. Dir.*, 55 Ark. App. 39, 41, 929 S.W.2d 177, 178 (1996)). Good cause depends not only on the good faith of the employee involved, which includes the presence of a genuine desire to work and be self-supporting, but also on the reaction of an average employee. *Fowlkes v. Dir.*, 2017 Ark. App. 56, 512 S.W.3d 667.

Rodermund cites *Tyler v. Director*, 2017 Ark. App. 545, 532 S.W.3d 618, as support for her argument that good cause exists when an employer created the circumstances that led to an employee's departure. Ashley's case is remarkably different from *Tyler*. *Tyler* involved a claimant who complained to her company's human-resources department about a previous supervisor's harassment and was informed she would not have to work near him again. *Id.* However, the claimant was again placed within ten feet of this former supervisor and unsuccessfully attempted to have him moved to prevent his continued mistreatment of her. *Id.* The claimant quit and filed for unemployment benefits that were denied by the Board. *Id.* Our court reversed and remanded, finding that the claimant attempted to remedy a problem created by the employer. *Id.*

Here, Rodermund made no actual effort to repair her computer or purchase a new one. Teleflora told her that if she could obtain a new computer, the job was available to her. Upon taking this job, Rodermund knew that having a computer that could run certain programs was a requirement. Moreover, Rodermund failed to complete the paperwork that would have allowed her to be paid for her seven hours of employment. In sum,

5

substantial evidence supports the Board's conclusion that Rodermund did not prove she had good cause to end her employment with Teleflora.

For Rodermund's final point, she argues that she had material evidence that would prove she did not quit this job but was not given a reasonable opportunity to submit the evidence for review. According to Rodermund, she was only given four business days to obtain copies of this alleged material evidence. Therefore, she argues that the Board erred by not allowing her additional time to submit this evidence. We disagree.

Rodermund was informed in the August 11 notice of hearing that documents not received by the date of the appeal hearing may not be considered. Further, Rodermund could have submitted these "material" documents with any of her prior filings—her initial claim, her quit statement, or her notice of appeal of the tribunal's decision—or she could have advised the hearing officer that she had documents she wanted to place in the record or asked to hold the record open. She did not. Rodermund was also informed that the Board was without jurisdiction to consider or accept any submissions after the record is closed by the Tribunal unless there was a subsequent hearing by the Board.

The Board's finding that Rodermund had reasonable time to submit her evidence before the telephone hearing is supported by the record. The decision to order a hearing to allow additional evidence is within the Board's discretion. *Ark. Game & Fish Comm'n v. Dir.*, 36 Ark. App. 243, 821 S.W.2d 69 (1992). Rodermund's claim that she had only four business days to obtain copies of these May 2020 emails is not supported by the evidence.

Rodermund clearly made a bona fide attempt at employment that was unsuccessful. We are not commenting on whether the seven-hour attempt would affect her

6

unemployment compensation from her previous employer, MarketSource, Inc., as that issue is not before us; however, Teleflora is not liable for unemployment-compensation benefits for this failed attempt.

Affirmed.

ABRAMSON and WHITEAKER, JJ., agree.

*Trevor Hawkins* and *Victoria Frazier*, Legal Aid of Arkansas, for appellant.

*Cynthia L. Uhrynowycz*, for appellee.