Cite as 2022 Ark. App. 36

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** E-21-175

| | |
|---|---|
| HALEY MCPHERSON | |
| APPELLANT | **Opinion Delivered** January 26, 2022 |
| V. | APPEAL FROM THE ARKANSAS BOARD OF REVIEW [NO. 2021-BR-00458] |
| DIRECTOR, DIVISION OF WORKFORCE SERVICES, AND SCHLOTZSKY'S DELI | |
| APPELLEES | REVERSED |

## KENNETH S. HIXSON, Judge

Appellant Haley J. McPherson appeals from a decision of the Arkansas Board of Review (Board) that disqualified her from unemployment benefits under Arkansas Code Annotated section 11-10-519(a)(1)(A) (Supp. 2021) for willfully making a false statement or misrepresentation of a material fact when filing her claim for benefits. We reverse this decision.

Before setting forth the relevant facts and our analysis of this appeal, we observe that there are two separate decisions by the Board in this case that arose from the same claim for benefits and the same hearing. And both of these decisions were appealed to our court. The apparent reason for two separate decisions is because the Board determined that McPherson was ineligible for unemployment benefits under two separate statutes, each of which carry different conditions and durations of the disqualification.

In case number E-21-174, the Board found that McPherson was disqualified for benefits pursuant to Arkansas Code Annotated section 11-10-513(a)(1) (Supp. 2021) because she voluntarily left her work without good cause connected with the work. As a result of this finding, that disqualification continues until McPherson has had at least thirty days of employment covered by unemployment-compensation law. *See* Ark. Code Ann. § 11-10-513(a)(4). We affirmed the Board's denial of benefits in case number E-21-174 and the corresponding duration of that disqualification because the Board's decision in that case was supported by substantial evidence.

The instant appeal, case number E-21-175, pertains to our review of the Board's separate decision that McPherson is also disqualified for benefits under Arkansas Code Annotated section 11-10-519(a)(1)(A) for willfully making a false statement or misrepresentation of a material fact when filing her claim. This disqualification is for a significantly longer duration than the disqualification in case number E-21-174. Specifically, subdivision (a)(1)(A) provides that this disqualification continues until McPherson has twenty weeks of employment in each of which she has earned wages equal to at least her weekly benefit amount. For the following reasons, we hold that the Board's decision in case number E-21-175 is not supported by substantial evidence and must be reversed.

I. *Background and Procedural History*

McPherson testified at the hearing. McPherson worked for Schlotsky's Deli, primarily working the drive-through window, from February 2019 until March 2020. In March 2020, schools were closed due to the outbreak of the COVID-19 pandemic. McPherson is a single mother of a five-year-old son, and she went to the deli and told her

manager (Jason Hallum) that she would be unable to make her shift the next day because schools had closed and there was no one to watch her child. According to McPherson, Hallum told her, "Do not worry about it, don't come back." At that time, McPherson was on the schedule to work future shifts beyond the next day. McPherson stated that she was never told she was fired and that she did not quit. She stated, "So, I mean, it was kind of left in the air whether or not I was going to come back or if I was fired." McPherson stated, "When he told me don't worry about – don't come back – I figured that they didn't want me to come in that day or the next day for them." McPherson did not return to work after that, and she subsequently filed for unemployment benefits.

On her application for unemployment benefits, McPherson checked the box indicating that she had been "Laid Off/Lack of Work." McPherson testified that she checked this box because "[she] wasn't sure if [she] was technically fired or if there was a possibility of [her going] back to work."

The deli manager, Jason Hallum, also testified. Hallum was asked whether McPherson quit or was discharged. He stated:

> Basically, about the same as the story that she missed a shift or two at the beginning [of the pandemic] due to her son, and then when the schools closed completely, she came to me and let me know that she wouldn't be able to work her schedule because of a babysitter situation at that time. And I asked her when that would change or anything, and she said she doesn't know. And that's the way it went from there, that she wasn't able to complete that schedule due to a babysitting situation.

Arkansas Code Annotated section 11–10–519(a)(1)(A) provides:

> (a) If so found by the Director of the Division of Workforce Services, an individual shall be disqualified for benefits:
>
> (1)(A) If he or she willfully makes a false statement or misrepresentation of a material fact or willfully fails to disclose a material fact in filing an initial claim or

3

a claim renewal, he or she shall be disqualified from the effective date of the disqualification until he or she has twenty (20) weeks of employment in each of which he or she has earned wages equal to at least his or her weekly benefit amount.

The Board found that McPherson had willfully made a false statement or misrepresentation of a material fact in her claim for benefits and, as such, found that she was disqualified for benefits until she has twenty weeks of employment in each of which she has earned wages equal to at least her weekly benefit amount. McPherson has now appealed from the Board's decision.

## II. *Standard of Review*

Board decisions are upheld if they are supported by substantial evidence. *Robinson v. Dir.*, 2021 Ark. App. 485, 638 S.W.3d 29. Substantial evidence is such relevant evidence that reasonable minds might accept as adequate to support a conclusion. *Id.* In appeals of unemployment-compensation cases, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Id.* Even if there is evidence that could support a different decision, our review is limited to whether the Board could have reasonably reached its decision as a result of the evidence presented. *Id.* However, our function on appeal is not merely to rubber-stamp decisions arising from the Board. *Thomas v. Dir.*, 2019 Ark. App. 468, 587 S.W.3d 612; *Wilson v. Dir.*, 2017 Ark. App. 171, 517 S.W.3d 427.

## III. *Analysis*

The term "willful" is not defined in our unemployment-compensation statutes. For unemployment-benefits purposes, an examination of the definition of "misconduct" is instructive in providing context. To constitute misconduct, there must be the element of

4

intent. *Klak v. Dir.*, 2020 Ark. App. 117, 597 S.W.3d 86. Misconduct requires more than mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies, ordinary negligence in isolated instances, or good-faith errors in judgment or discretion. *Id.* To constitute misconduct, there must be an intentional or deliberate violation, *a willful* or wanton disregard, or carelessness or negligence of such degree or recurrence as to manifest wrongful intent or evil design. *Id.*

Here, although McPherson's representation in her application that she was "Laid Off/Lack of Work" may not have been an accurate characterization of the reason for her separation from work, we conclude that reasonable persons could not find this to be a *willful* false statement or misrepresentation of a material fact as contemplated by Arkansas Code Annotated section 11–10–519(a)(1)(A). As indicated in both McPherson's and Hallum's testimony, the events surrounding McPherson's separation are not altogether clear. McPherson testified that, after explaining her predicament to Hallum, he told her, "Do not worry about it, don't come back"; that she was never told she was fired; and that she did not quit. And notably, the application for unemployment benefits does not contain a blank for the claimant to write a narrative explaining the reason for her separation from work. Instead, in the "Type of separation" section of the application, it contains a series of boxes with reasons such as "Discharged/Insubordination," "Quit/General," and, as checked by McPherson, a box stating, "Laid Off/Lack of Work." McPherson explained in her testimony that she checked this box because "[she] wasn't sure if [she] was technically fired or if there was a possibility of [her going] back to work." We conclude on these facts that there was clearly no wrongful intent or evil design in McPherson's selection.

On this record, we hold that there is no substantial evidence to support the Board's finding that McPherson willfully made a false statement or misrepresentation of a material fact on her application for unemployment benefits. Accordingly, the Board's finding that McPherson is disqualified pursuant to the terms of and for the duration provided in Arkansas Code Annotated section 11–10–519(a)(1)(A) is reversed.

Reversed.

HARRISON, C.J., and KLAPPENBACH, J., agree.

*Haley McPherson*, pro se appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.