Cite as 2022 Ark. App. 142

# ARKANSAS COURT OF APPEALS
DIVISION I
No. E-21-199

RACHEL HOURSTON

APPELLANT

V.

DIRECTOR, DEPARTMENT OF
WORKFORCE SERVICES

APPELLEE

Opinion Delivered March 30, 2022

APPEAL FROM THE ARKANSAS
BOARD OF REVIEW

[NO. 2021-BR-00574]

AFFIRMED

## RITA W. GRUBER, Judge

Appellant Rachel Hourston appeals from the Arkansas Board of Review's March 26, 2021 decision finding her ineligible to receive unemployment benefits under Ark. Code Ann. § 11-10-507(3) (Supp. 2021). On appeal, she argues that substantial evidence does not support the Board's decision. We affirm.

On July 14, 2020, the Division of Workforce Services issued Hourston a notice of agency determination holding that she was ineligible to receive unemployment benefits under Ark. Code Ann. § 11-10-507(3) on finding that she was not able and available to perform suitable work. On the same day, the Division issued Hourston a separate notice disqualifying her from receiving unemployment benefits under Ark. Code Ann. § 11-10-513(a) (Supp. 2021) on finding that she voluntarily left last work without good cause. Hourston timely appealed both notices to the Appeal Tribunal ("Tribunal"), which

conducted a hearing on October 26, 2020. During that hearing, the Tribunal heard testimony regarding her ineligibility under Ark. Code Ann. § 11-10-507(3) as well as her disqualification under Ark. Code Ann. § 11-10-513(a). The Tribunal affirmed the Division's determinations.

Hourston then appealed the Tribunal's decisions to the Board of Review. The notices of appeal from the Tribunal were file-marked outside the time allotted for appeal. Pursuant to *Paulino v. Daniels*, 269 Ark. 676, 559 S.W.2d 760 (Ark. App. 1980), Hourston was afforded a telephone hearing before the Board to determine whether Hourston's late filing was due to circumstances beyond her control. At a March 9, 2021 hearing before the Board, Hourston presented evidence to the Board that she had transmitted a notice of appeal for both decisions to the Board prior to the appeal deadline. At the hearing, only evidence of the timeliness of Hourston's appeals from the Tribunal to the Board was introduced.

After the hearing, the Board found that Hourston's appeals to the Board of Review were timely but affirmed the Tribunal's decisions in two separate decisions denying her benefits under Ark. Code Ann. § 11-10-507(3) in one and under Ark. Code Ann. § 11-10-513(a) in the other. In this case, Hourston appeals the Board's decision finding her ineligible for benefits under Ark. Code Ann. § 11-10-507(3).[1]

---

[1]Hourston filed a separate appeal of the Board's decision disqualifying her for benefits under Ark. Code Ann. § 11-10-513(a) in a companion case, *Hourston v. State*, 2022 Ark. App, 141, which is also being handed down today.

Hourston worked for Goodwill Industries as a part-time customer-service clerk from January 2017 to April 2020. In December 2019, Hourston was diagnosed with cancer and began undergoing treatment. She requested and was granted leave under the Family Medical Leave Act ("FMLA") through April 10, 2020.

During that same time, Hourston also worked as a self-employed cosmetologist. After her treatment ended in December 2019, she returned to work as a cosmetologist shortly after February 19 through March 23, 2020, when she was forced to stop due to Governor Hutchinson's directive closing all barber shops and cosmetology establishments as a result of the COVID-19 pandemic.

Hourston and Karen Hatch, senior human resources business partner for Goodwill, testified before the Tribunal on October 26, 2020, with conflicting accounts of Hourston's departure. Hourston testified that she was contacted by Cynthia Mahan, a human resources business partner for Goodwill, just before March 10, 2020. She said Mahan asked her whether she planned to return to work. According to Hourston, Mahan then told her if she did not plan on returning to work by March 10, 2020, she would be discharged. She added that Mahan did not offer her any other extension of leave, and as a result of this conversation, she resigned.

Hatch testified that Hourston was contacted by Mahan on April 14, 2020. During that conversation, Mahan told Hourston that her FMLA leave had expired on April 10, 2020, and that Goodwill could not hold her position open until September 2020 as requested in her leave paperwork, but Goodwill could offer an additional thirty days' leave

3

of absence. Hourston declined the additional leave and told Mahan she would resign. Hourston sent an email on April 16, 2020, resigning her position with an effective leave date of April 10, 2020, the day her FMLA leave expired. Hatch testified that she was not present for this conversation but that she spoke directly with Mahan about this conversation and reviewed conversation logs that were kept by Goodwill detailing the exchange. Hatch said that Hourston did not make any additional requests for accommodations beyond the FMLA leave. On October 1, 2020, Hourston reported to the Division that she had been quarantined due to COVID-19.

The Tribunal affirmed Hourston's denial of benefits, finding that she was not able and available to work beginning in December 2019 when she received her cancer diagnosis, and that her circumstances did not change considering she was still quarantined due to COVID-19 just prior to the hearing before the Tribunal. Pursuant to Ark. Code Ann. § 11-10-525 (Repl. 2012), considering the entire record of proceedings before the Tribunal, the Board adopted the Tribunal's decision.

Board decisions are upheld if they are supported by substantial evidence. *McPherson v. Dir.*, 2022 Ark. App. 36, ___ S.W.3d ___. Substantial evidence is such relevant evidence that reasonable minds might accept as adequate to support a conclusion. *Id.* In appeals of unemployment-compensation cases, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Id.* Even if there is evidence that could support a different decision, our review is limited to whether the Board could have reasonably reached its decision as a result of the evidence presented. *Id.* However,

4

our function on appeal is not merely to rubber-stamp decisions arising from the Board. *Thomas v. Dir.*, 2019 Ark. App. 468, 587 S.W.3d 612; *Wilson v. Dir.*, 2017 Ark. App. 171, 517 S.W.3d 427.

As an initial matter, we must note that the record reflects that Hourston did not make three arguments below that she now raises on appeal: (1) that she left work voluntarily and without good cause, (2) that she made reasonable efforts to preserve her job rights, and (3) that she was entitled to Pandemic Unemployment Assistance.[2] The only decision she has appealed in this case is appeal No. 2021-BR-00574, the Board's March 26, 2021 decision finding her ineligible for benefits because she was not able and available to perform suitable work. The Board's decision contains no discussion or determination of the other issues above. We therefore decline to address these arguments. They were not made below, and this court does not consider issues raised for the first time on appeal. *Rossini v. Dir.*, 81 Ark. App. 286, 101 S.W.3d 266 (2003).

For her remaining point on appeal, Hourston contends that substantial evidence does not support the Board's decision. A claimant is eligible to receive benefits with respect to any week only if the Department finds in part that he or she is "unemployed, is physically and mentally able to perform suitable work, and is available for the work." Ark. Code Ann. § 11-10-507(3)(A) (Repl. 2012). Furthermore, mere registration and reporting at a local employment office shall not be conclusive evidence of ability to work, availability for work,

---

[2]The Board denied Hourston's claim for Pandemic Unemployment Assistance in a separate decision, which Hourston has not appealed.

or willingness to accept work unless the individual is doing those things that a reasonably prudent individual would be expected to do to secure work. *Debnam v. Dir.*, 2015 Ark. App. 537, 471 S.W.3d 657.

Hourston provided conflicting testimony regarding her availability and ability to work. First, she testified that she began working again after a surgery on February 19, 2020, seeing cosmetology clients before her salon closed due to the COVID-19 pandemic. Alternatively, she testified that she had been diagnosed with cancer in December 2019, took FMLA leave to undergo treatment, and could not return to work until her doctor released her in September 2020. She also contacted the Division on October 1, 2020, to report that she was quarantined due to the COVID-19 pandemic and was unable to work. She further provided three different "Able and Available" statements to the Division, all of which provided different availability dates. The first stated she was not able and available beginning March 24 and ending April 1, 2020. The second stated she was not able and available beginning March 24 and ending May 13, 2020. The third stated she was not able and available beginning March 24 and ending July 1, 2020.

Appellate review is limited to determining whether the Board could reasonably reach its decision on the basis of the evidence before it, even if there is evidence on which the Board might have reached a different decision. *Higgins v. Dir.*, 2016 Ark. App. 449, 503 S.W.3d 833. Here, Hourston provided conflicting testimony and evidence concerning her ability and availability to work. The credibility of witnesses and the weight to be accorded their testimony are matters to be resolved by the Board. *Burgos v. Dir.*, 2021 Ark. App. 270.

Substantial evidence supports the Board's decision that Hourston was ineligible to receive benefits because she was not able and available to perform suitable work. We affirm.

Affirmed.

VAUGHT and HIXSON, JJ., agree.

*Lorraine Hatcher Attorney at Law*, by: *Lorraine Hatcher*, for appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.