Cite as 2022 Ark. App. 141

# ARKANSAS COURT OF APPEALS
DIVISION I
No. E-21-198

RACHEL HOURSTON

APPELLANT

V.

DIRECTOR, DEPARTMENT OF
WORKFORCE SERVICES

APPELLEE

Opinion Delivered March 30, 2022

APPEAL FROM THE ARKANSAS
BOARD OF REVIEW

[NO. 2021-BR-00573]

AFFIRMED

## RITA W. GRUBER, Judge

Appellant Rachel Hourston appeals from the Arkansas Board of Review's March 26, 2021 decision disqualifying her from unemployment benefits under Ark. Code Ann. § 11-10-513(a) (Supp. 2021) finding that she voluntarily left last work without good cause. Because the facts are the same as those presented in *Hourston v. Director*, 2022 Ark. App. 142, which we also hand down today, we do not restate them herein. Hourston argues that there was not substantial evidence to support the Board's decision. We disagree and affirm.

Board decisions are upheld if they are supported by substantial evidence. *McPherson v. Dir.*, 2022 Ark. App. 36, ___ S.W.3d ___. Substantial evidence is such relevant evidence that reasonable minds might accept as adequate to support a conclusion. *Id.* In appeals of unemployment-compensation cases, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Id.* Even if there is

evidence that could support a different decision, our review is limited to whether the Board

could have reasonably reached its decision as a result of the evidence presented. *Id.* However,

our function on appeal is not merely to rubber-stamp decisions arising from the Board.

*Thomas v. Dir.*, 2019 Ark. App. 468, 587 S.W.3d 612; *Wilson v. Dir.*, 2017 Ark. App. 171,

517 S.W.3d 427.

As an initial matter, we note that the record reflects that Hourston failed to make two

arguments below that she now raises on appeal: (1) that she was able and available for work

and (2) that she was improperly denied Pandemic Unemployment Assistance.[1] We therefore

decline to address these arguments. They were not made below, and this court does not

consider issues raised for the first time on appeal. *Rossini v. Dir.*, 81 Ark. App. 286, 101

S.W.3d 266 (2003).

For her remaining points on appeal, Hourston contends that substantial evidence

does not support the Board's decision that she voluntarily left her employment without good

cause and without making reasonable efforts to preserve her job rights. Specifically,

Hourston argues that she was instructed to resign because she had no more leave available,

and even if Goodwill had offered an additional month of leave, her acceptance would not

have made a meaningful difference to the outcome of her unemployment. She cites *KTAL,*

*Inc. v. Director*, 2015 Ark. App. 314, and *Oxford v. Daniels*, 2 Ark. App. 200, 618 S.W.2d 171

(1981), to support this argument, saying this court has held that an employee is not required

[1]The Board denied Hourston's claim for Pandemic Unemployment Assistance in a separate decision, which Hourston has not appealed.

to make efforts to preserve her job rights if such efforts would constitute nothing more than a futile gesture. Hourston further argues that she made reasonable efforts to preserve her job rights by filing leave requests, but ultimately, she left due to illness.

A person who voluntarily leaves her employment without good cause connected to the work shall be disqualified for benefits. Ark. Code Ann. § 11-10-513(a)(1). However, no individual shall be disqualified if, after making reasonable efforts to preserve her job rights, she left her last work because of illness, injury, pregnancy, or disability of the individual or a member of the individual's immediate family. Ark. Code Ann. § 11-10-513(b)(2)(A).

When a claimant has voluntarily quit work and is seeking unemployment-insurance benefits, the burden is on the claimant to show that she had good cause connected to the work for quitting. *Rodermund v. Dir.*, 2021 Ark. App. 458, 637 S.W.3d 291. Furthermore, "[g]ood cause has been defined as a cause that would reasonably impel the average able-bodied, qualified worker to give up his or her employment." *Keener v. Dir.*, 2021 Ark. App. 88, at 4, 618 S.W.3d 446, 449 (quoting *Carpenter v. Dir.*, 55 Ark. App. 39, 41, 929 S.W.2d 177, 178 (1996)). Good cause depends not only on the good faith of the employee involved, which includes the presence of a genuine desire to work and be self-supporting, but also on the reaction of an average employee. *Fowlkes v. Dir.*, 2017 Ark. App. 56, 512 S.W.3d 667.

In *Foster v. Director*, 2013 Ark. App. 190, this court held that an employee left her last employment without making reasonable efforts to preserve her job rights when she did not return to work upon the expiration of leave under the Family Medical Leave Act ("FMLA").

3

Foster made no attempt to inform her employer that she wanted her job, which left the employer with no choice but to assume that she had quit. *Id.*

Here, Hourston did not return to work upon the expiration of her FMLA leave. When she was contacted about returning, she declined additional leave and instead resigned. Hourston testified that she began seeing cosmetology clients again after February 19, 2020, and only stopped when the governor issued a directive closing cosmetology establishments due to COVID-19. There is no evidence showing that before that directive was issued, Hourston attempted to resume work at Goodwill.

Hourston contends that her testimony, which conflicts with that of Karen Hatch, senior human resources business partner for Goodwill, is proof that the Board's decision lacks substantial evidence. The credibility of witnesses and the weight to be accorded their testimony are matters to be resolved by the Board. *Burgos v. Dir.*, 2021 Ark. App. 270.

Appellate review is limited to determining whether the Board could reasonably reach its decision based on the evidence before it, even if there is evidence on which the Board might have reached a different decision. *Higgins v. Dir.*, 2016 Ark. App. 449, 503 S.W.3d 833. Hourston did not contact Goodwill prior to the expiration of her FMLA leave, did not accept the additional leave offered to her, and did not ask for any further accommodations. Accordingly, substantial evidence supports the Board's decision that Hourston left her last work without good cause and without preserving her job rights. We affirm.

Affirmed.

VAUGHT and HIXSON, JJ., agree.

4

*Lorraine Hatcher Attorney at Law*, by: *Lorraine Hatcher*, for appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.