Cite as 2026 Ark. App. 279

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** E-25-154

| | |
|---|---|
| | **Opinion Delivered** May 6, 2026 |
| SUPERIOR SENIOR CARE, INC.<br>APPELLANT | APPEAL FROM THE ARKANSAS<br>BOARD OF REVIEW<br>[NO. 2025-BR-00606] |
| V. | |
| DIRECTOR, DIVISION OF<br>WORKFORCE SERVICES; AND<br>TOPEKA STRICKLAND<br>APPELLEES | AFFIRMED |

### BRANDON J. HARRISON, Judge

The Arkansas Board of Review (the Board) found that Topeka Strickland had been discharged from last work for reasons other than misconduct in connection with the work and that she should receive unemployment benefits. Her employer, Superior Senior Care, Inc. (Superior), appeals that decision and argues that it is not supported by substantial evidence. We affirm.

Strickland worked for Superior as a front office coordinator for three days. On the third day of her employment, Strickland's supervisor, Christina Dunn, sat down with Strickland at her workstation at the front desk. Dunn assigned Strickland the task of typing some text into a Word document, but Strickland became nervous and could not perform the assigned task. After several minutes, Dunn asked, "So, you're telling me you can't do

this job?" Strickland responded in the affirmative and later gathered her things, left the office, and did not return.

Strickland applied for unemployment benefits, and the Arkansas Division of Workforce Services (DWS) determined that she had been discharged for failing to meet her employer's work standards. DWS also found that her employer had not provided sufficient evidence to support a finding that Strickland willfully disregarded her duties and obligations to her employer.

Superior appealed this finding, and at a hearing before an administrative law judge (ALJ), Dunn testified that Strickland had quit after she could not perform the task that was asked of her. Dunn denied telling Strickland that she was terminated or that she "wasn't a good fit for the position."

Strickland testified that on the morning in question, Dunn asked her to type some text into a Word document. Strickland acknowledged that she was very nervous, and after several minutes, Dunn told her that "this is not going to be a good fit" and that she needed "to clock out." Strickland's understanding was that she was discharged, and she denied ever telling Dunn that she quit.

The ALJ found that the employer has the burden of proving misconduct by a preponderance of the evidence and that here, Superior had not shown that Strickland quit or that she was discharged for misconduct. The ALJ noted that misconduct requires more than mere inefficiency, unsatisfactory conduct, or failure in good performance as the result of inability or incapacity; there must be a willful or wanton disregard or carelessness or negligence of such degree or recurrence as to manifest wrongful intent or evil design. The

ALJ found that Strickland had displayed a failure in good performance as the result of inability or incapacity and not a willful disregard of the employer's interest. Thus, the ALJ concluded that Strickland had been discharged from last work for reasons other than misconduct in connection with the work.

Superior appealed to the Board, which issued its own decision affirming the ALJ's decision. The Board's opinion stated,

> The Board finds that the claimant was discharged from her last work for two reasons. First, the claimant's unrefuted testimony was that she felt she was being terminated when she was told to gather her things and clock out. Second, the employer testified that by requiring the claimant to perform the task of typing certain things into a Word document, she was evaluating whether the claimant could perform the job successfully. The claimant could not. Soon after, the claimant left the job and didn't return. In the absence of an unequivocal statement of quit by the claimant or an unequivocal statement of discharge by the employer, it is reasonable to believe that Dunn would have terminated the claimant after she realized that the claimant could not perform the functions of the job. It is also reasonable to conclude that the claimant would have believed that she would have been terminated after such an episode.

The Board also noted that in cases of discharge, the employer has the burden of proving by a preponderance of the evidence that the employee engaged in misconduct, and that here, Superior had not met its burden to show that it discharged Strickland for misconduct in connection with the work. The Board acknowledged that it was unclear why Strickland was not able to perform the assigned task that led to her discharge but explained that it did "not appear that her failure was for a willful reason against the employer's best interests. Instead, it appears the claimant's behavior was a failure in good performance as the result of inability or incapacity rather than an intentional or deliberate violation." The Board therefore affirmed the decision that Strickland was entitled to benefits

3

under Ark. Code Ann. § 11-10-514 (Repl. 2025) because she had been discharged from last work for reasons other than misconduct in connection with the work. Superior timely appealed the Board's decision.

We review the Board's findings in the light most favorable to the prevailing party and affirm the Board's decision if it is supported by substantial evidence. *McPherson v. Dir.*, 2022 Ark. App. 36, 640 S.W.3d 653. Substantial evidence is such relevant evidence that reasonable minds might accept as adequate to support a conclusion. *Id.* In appeals of unemployment-compensation cases, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Id.* Even if there is evidence that could support a different decision, our review is limited to whether the Board could have reasonably reached its decision as a result of the evidence presented. *Id.* Issues of witness credibility and weight to be afforded their testimony are matters for the Board to determine. *Welch v. Dir.*, 2019 Ark. App. 498, 588 S.W.3d 787.

Superior argues that the Board's decision is not supported by substantial evidence because the record contains no evidence of an actual termination and instead shows that Strickland voluntarily left employment after stating she could not perform the job. There was no testimony that Dunn expressly discharged or terminated Strickland, and Dunn denied telling Strickland that she was fired or that she was not a good fit for the position. The Board concluded that it was "reasonable to believe" that Dunn would have terminated Strickland after determining she could not perform the job and that it was "reasonable to conclude" that Strickland would have believed she was terminated. Superior asserts that these findings rest on speculation and not on the evidence presented.

4

The Board's opinion acknowledged the dispute over what exactly was said before Strickland's departure:

> The claimant alleges that Dunn told her that she was not a good fit for the position. Dunn denies saying this. Dunn also denies ever telling the claimant that she was discharged. The claimant alleges that Dunn told her to clock out and gather her things, and the claimant took that to mean that she was being discharged. Dunn's testimony did not address the allegation that she told the claimant to gather her things and clock out.

The Board resolved this conflict in Strickland's favor and found that she was effectively discharged. Inconsistencies in the testimony, the credibility of witnesses, and inferences drawn from the testimony are matters for the Board and not this court. *Ramirez v. Dir.*, 2013 Ark. App. 453. Thus, we hold that there is substantial evidence to support the Board's decision granting benefits to Strickland on a finding that she was discharged from last work for reasons other than misconduct in connection with the work.

Superior also argues that when a claimant voluntarily leaves employment, the claimant bears the burden of proving that she left for good cause connected with the work. *See Owen v. Dir.*, 2024 Ark. App. 616, 701 S.W.3d 828. Here, however, the Board erred as a matter of law by classifying Strickland's separation as a discharge based on speculation and placing the burden on the employer "to justify a termination that never occurred." Superior reasserts that there was no testimony that it expressly discharged Strickland and that Dunn denied telling Strickland that she was fired or that she was not a good fit for the position. Superior contends, "The Board's reasoning reflects an improper shift in the burden of proof, contrary to Arkansas law governing voluntary separation from employment."

Superior's argument assumes error in the Board's decision that Strickland was discharged and asserts further error in requiring Superior "to justify a termination that never

occurred" rather than requiring Strickland to prove good cause for leaving work. However, this court has already determined that the Board's decision that Strickland was discharged was based on substantial evidence and not in error. And while it is true that a claimant is disqualified from receiving unemployment benefits if she is discharged from her last work for misconduct in connection with the work, it is the employer's burden to establish misconduct. *Thomas v. Dir.*, 2019 Ark. App. 468, 587 S.W.3d 612. Superior makes no attempt to establish misconduct here. We hold that there was no impermissible shifting of the burden of proof by the Board.

Affirmed.

ABRAMSON and VIRDEN, JJ., agree.

*Hurst Law Group*, by: *Q. Byrum Hurst*, for appellant.

*Laura K. Shue*, Arkansas Division of Workforce Services, for separate appellee Director, Arkansas Division of Workforce Services.