
# ARKANSAS COURT OF APPEALS

DIVISION II
No. E-13-733

| | |
|---|---|
| MERRY LOGAN **APPELLANT** | **Opinion Delivered** February 26, 2014 |
| V. | APPEAL FROM THE ARKANSAS BOARD OF REVIEW [NO. 2013-BR-01962] |
| DIRECTOR, DEPARTMENT OF WORKFORCE SERVICES, AND DELTA RESOURCE CENTER **APPELLEES** | REVERSED |

## RITA W. GRUBER, Judge

In this unbriefed unemployment-benefits case, Merry Logan petitions this court to review a denial of unemployment benefits. Ms. Logan initially appealed the Department of Workforce Services' denial to the Arkansas Appeal Tribunal, which conducted a hearing and affirmed the Department's denial of benefits. Ms. Logan then filed a timely appeal to the Arkansas Board of Review, which denied her application for appeal; therefore, for purposes of judicial review, the Tribunal's decision will serve as the decision of the Board. Ark. Code Ann. § 11-10-525(f) (Repl. 2012). We reverse the Tribunal's conclusion that Ms. Logan was discharged for misconduct, thus qualifying her to receive benefits under Arkansas law.

A person shall be disqualified from receiving unemployment benefits if it is found that the person was discharged from his or her last work on the basis of misconduct in connection with the work. Ark. Code Ann. § 11-10-514(a)(1) (Supp. 2013); *Valentine v. Director*, 2012 Ark. App. 612. "Misconduct," for purposes of unemployment compensation, involves (1)

disregard of the employer's interest, (2) violation of the employer's rules, (3) disregard of the standards of behavior the employer has a right to expect of its employees, and (4) disregard of the employee's duties and obligations to the employer. *Nibco, Inc. v. Metcalf*, 1 Ark. App. 114, 118, 613 S.W.2d 612, 614 (1981); *see also Garrett v. Director*, 2014 Ark. 50, at 6.

For unemployment-insurance purposes, the definition of misconduct requires more than mere inefficiency, unsatisfactory conduct, failure in good performance as a result of inability or incapacity, inadvertencies, ordinary negligence in isolated instances, or good-faith errors in judgment or discretion. *Johnson v. Director*, 84 Ark. App. 349, 352, 141 S.W.3d 1, 2 (2004). An element of intent is also required: mere good-faith errors in judgment or discretion and unsatisfactory conduct are not misconduct unless of such a degree or recurrence as to manifest culpability, wrongful intent, evil design, or intentional disregard of an employer's interest. *Id.* "An individual's repeated act of commission, omission, or negligence despite progressive discipline constitutes sufficient proof of intentional poor performance." Ark. Code Ann. § 11-10-514(a)(4)(B) (Supp. 2013).

Ms. Logan was an administrative assistant. She was discharged for failure to mail tax payments to the IRS on behalf of her employer Delta Resource Center. At the hearing before the Tribunal, Ms. Logan testified that her conduct was a mistake, and her employer testified that her conduct was an act of negligence. Ms. Logan testified that prior to the incident for which she was discharged, she had worked very well. The record reflects no prior disciplinary actions. The employer did not provide any testimony regarding whether Ms. Logan had received progressive discipline. The Tribunal's written decision included the following

SLIP OPINION

findings:

> The claimant failed to notify her employer that she had not made payment on a tax bill she had received monies to pay and also failed to notify her employer that the IRS had sent a notice about this deficiency. Although it is not found that the claimant willfully sought to harm her employer her conduct showed negligence of such degree and recurrence that it leads to a finding of misconduct on her part.

Appellate review is limited to determining whether the Board could reasonably reach its decision upon the evidence before it. *White v. Director*, 54 Ark. App. 197, 924 S.W.2d 823 (1996). We review the Board's findings in the light most favorable to the prevailing party, reversing only where those findings are not supported by substantial evidence. *Ballard v. Director*, 2012 Ark. App. 371. Issues of credibility of witnesses and weight to be afforded their testimony are matters for the Board to determine. *Id.*

We review the Tribunal's decision under the same standard. Here, the employer did not dispute that Ms. Logan's act was unintentional. In order for an unintentional act of negligence to constitute sufficient proof such that it may be considered "intentional poor performance," that act must be repeated despite progressive discipline. Ark. Code Ann. § 11-10-514(a)(4)(B). Because substantial evidence is lacking that Ms. Logan received progressive discipline for her actions, we reverse.

Reversed.

WALMSLEY and GLOVER, JJ., agree.

*Merry Logan*, pro se appellant.

*Phyllis Edwards*, for appellee.