SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION II
No. E-13-1008

| | |
|---|---|
| SHELIA SPENCER<br><br>APPELLANT<br><br>V.<br><br><br>DIRECTOR, DEPARTMENT OF<br>WORKFORCE SERVICES, and<br>MURPHY OIL USA, INC.<br>APPELLEES | **Opinion Delivered** SEPTEMBER 17, 2014<br><br>APPEAL FROM THE ARKANSAS<br>BOARD OF REVIEW<br>[NO. 2013-BR-02557]<br><br><br><br>REVERSED AND REMANDED |

## KENNETH S. HIXSON, Judge

Shelia Spencer appeals from the denial of unemployment benefits. The Appeal Tribunal denied benefits pursuant to its finding that Shelia was discharged for misconduct in connection with the work. Shelia timely appealed that decision to the Board of Review, which denied her application for appeal. Therefore, for purposes of judicial review, the Tribunal's decision will serve as the decision of the Board. Ark. Code Ann. § 11–10–525(f) (Repl. 2012). We reverse the Board's decision and remand for an award of benefits.

Arkansas Code Annotated section 11–10–514(a)(1) (Supp. 2013) provides that a person shall be disqualified from receiving unemployment benefits if the person was discharged from his or her last work on the basis of misconduct in connection with the work. The employer has the burden of proving by a preponderance of the evidence that an employee engaged in misconduct. *Roberts v. Director*, 2014 Ark. App. 201. "Misconduct," for purposes of

SLIP OPINION

unemployment compensation, involves (1) disregard of the employer's interest, (2) violation of the employer's rules, (3) disregard of the standards of behavior an employer has a right to expect of its employees, and (4) disregard of the employee's duties and obligations to the employer. *Logan v. Director*, 2014 Ark. App. 146.

Our appellate jurisprudence makes clear that to constitute misconduct, there must be the element of intent. *Garrett v. Director*, 2014 Ark. 50. The act of misconduct requires more than mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies, ordinary negligence in isolated instances, or good faith errors in judgment or discretion. *Nibco, Inc. v. Metcalf*, 1 Ark. App. 114, 613 S.W.2d 612 (1981). To constitute misconduct, there must be an intentional or deliberate violation, a willful or wanton disregard, or carelessness or negligence of such degree or recurrence as to manifest wrongful intent or evil design. *Id.*

Shelia worked for Murphy Oil as a cashier at a gas station. The employer had a written policy providing that gas-pump drive-off shortages were considered the same as cash shortages, and that if an employee was short $25.00 or more she could be dismissed. After a drive-off cash shortage occurred, Shelia received a verbal warning. After a second drive-off shortage in the amount of $28.10, Shelia was discharged.

Shelia was the only witness to testify at the hearing before the Appeal Tribunal. As she had indicated in prior written statements involving her claim, Shelia testified that the two drive-offs were the result of malfunctioning gas pumps. According to Shelia, customers would insert credit cards, the card reader would falsely indicate that the card had been

2

SLIP OPINION

accepted, and the customers would pump their gas and drive away thinking they had paid for the gas. Shelia testified that other employees had drive-off shortages due to the defective gas pumps, and that she reported the problem to her superiors. Shelia said that upon receiving complaints from customers, the assistant manager advised them that the pumps were not working properly and that the company was going to replace them. Shelia testified that on both of her drive-offs the customers eventually returned to the store and made payment.

Whether an employee's actions constitute misconduct in connection with the work sufficient to deny unemployment benefits is a question of fact for the Board, and we will affirm if the Board's decision is supported by substantial evidence. *Garrett*, *supra*. Our appellate review is limited to determining whether the Board could reasonably reach its decision upon the evidence before it. *Logan*, *supra*.

We agree with Shelia's argument that there was insufficient evidence to support the Board's finding that she was discharged for misconduct. The documentation provided by her employer indicated that she was discharged for drive-offs amounting to unsatisfactory performance. However, the only explanation for the two drive-offs was provided by Shelia, who testified that they were the result of malfunctioning gas pumps and that the money was ultimately paid. The employer offered no testimony or additional proof at the hearing. On this record, we simply cannot conclude that the employer met its burden of proving any intentional violation, wanton disregard, or carelessness to such a degree as to manifest wrongful intent or evil design. We hold that the Board could not reasonably find that Shelia

3

engaged in misconduct where the required proof of intent was so lacking. Therefore, we reverse and remand for an award of benefits.

Reversed and remanded.

PITTMAN and WALMSLEY, JJ., agree.

*Kevin R. De Liban*, Legal Aid of Arkansas, Inc., for appellant.

*Phyllis A. Edwards*, for appellee.