ROBERT J. GLADWIN, Judge 11 Jimmy Wilson appeals the Arkansas Board of Review’s (Board’s) decision denying him unemployment benefits upon finding that he was discharged from his employment for misconduct. We affirm. Appellant, a forty-year employee of Cen-terPoint Energy, was employed as a service technician at the time of his discharge. CenterPoint provided appellant with a number of written company policies. Among the writings was a document outlining performance expectations, which required that all employees were expected to abide by the rules and accepted practices of the company. Further, a document titled “Special Precautions for Gaseous Atmospheres” provided that “no person will work in a gaseous atmosphere without back-up assistance. Therefore, no employee will attempt to squeeze off, stop or repair a blowing gas leak on a main or service line in a gaseous atmosphere without backup assistance.” | ¡¿During the hearing, CenterPoint’s human-resources representative, Sherry Martin, testified that appellant worked as a service technician. She said that he was discharged for violating company policy by entering a gaseous atmosphere without permission from his supervisor. Terry Rollins, a district director for CenterPoint, testified that appellant’s direct supervisor was Wayne Tilley. Tilley notified Rollins about appellant’s actions, and Rollins, Tilley, and Martin interviewed appellant about the incident. Rollins testified that appellant admitted that “he went into a gaseous atmosphere, and he should have called his supervisor but he just got in a hurry and didn't do it.” Appellant testified that on April 29, 2016, he responded to an accident involving a car that had hit a gas riser and had broken it off below the cut-off valve. He stated that he had spoken to Tilley on the way to the accident and that Tilley told him that additional CenterPoint personnel were on their way. Appellant testified that the riser was located near a trailer house and that it needed to be plugged because it posed a danger because of lightning in the area. Appellant said that he discussed the situation with Jonesboro police officers and firefighters who were on the scene, and he felt that the riser needed to be plugged immediately. Appellant said that he conferred with the fire department but did not call Tilley again before entering the gaseous atmosphere “because sometimes when you are out on an emergency like that you’ve got to make a snap decision to make it safe for the public.” Appellant entered the gaseous atmosphere without back up, plugged the riser, and then called Tilley. When asked why he did not call his supervisor before entering the gaseous atmosphere he replied, “I just didn’t.” |sThe Appeal Tribunal found that appellant was disqualified under Ark. Code Ann. § ll-10-514(b) (Supp. 2015), determining that he had been “discharged from last work for misconduct in connection with the work on account of a violation of bona fide written rules or customs of the employer including those pertaining to his or her safety or the safety of fellow employees, persons or company property.” Appellant appealed to the Board, which adopted the Appeal Tribunal’s decision as its own, and he now appeals to this court. We review the Board’s finding in the light most favorable to the prevailing party and affirm the Board’s decision if it is supported by substantial evidence. Price v. Dir., 2013 Ark. App. 205, 2013 WL 1232103. Substantial evidence is such relevant evidence that a reasonable mind might accept it as adequate to support the conclusion. Id. Even when there is evidence upon which the Board might have reached a different decision, the scope of our review is limited to a determination of whether the Board reasonably could have reached the decision it did based on the evidence before it. Id. Our function on appeal is not merely to rubber-stamp decisions arising from the Board. Id. A person shall be disqualified from receiving unemployment benefits if it is determined that the person was discharged from his or her last work for misconduct in connection with the work. Ark. Code Ann. § ll-10-514(a)(l). The employer has the burden of proving by a preponderance of the evidence that an employee engaged in misconduct. Spencer v. Dir., 2014 Ark. App. 479, 2014 WL 4635672. Misconduct for purposes of unemployment compensation involves (1) disregard of the employer’s interest, (2) violation of the employer’s rules, (3) disregard of the standard of behavior the employer has a right to Rexpect of its employees, and (4) disregard of the employee’s duties and obligations to the employer. Id. Our appellate jurisprudence makes clear that to constitute misconduct, there must be an element of intent. Spencer, supra. Misconduct requires more than mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies, ordinary negligence in isolated instances, or good-faith errors in judgment or discretion. Id. To constitute misconduct there must be an intentional or deliberate violation, a -willful and wanton disregard, or carelessness or negligence of such degree or recurrence as to manifest a wrongful intent or evil design. Id. The evidence is clear and confirmed by appellant’s testimony that he entered a gaseous atmosphere without back up and without permission from his supervisor. This was a clear violation of his employer’s rules and standards of conduct. Appellant admits that he made a “snap decision” and that he “just didn’t” call Tilley for permission. CenterPoint is entitled to expect its employees to abide by its safety rules, not only for the safety of its employees, but also for the safety of the public. It is not up to the employee, the Jonesboro Fire Department, or this court to determine when a violation of the rules is justified. The company is better equipped than we are to make those determinations. Our standard of review requires us to affirm the decision because it is supported by substantial evidence. Affirmed. Gruber, C.J., and Abramson, Glover, Murphy, and Brown, JJ., agree. Harrison, Klappenbach, and Whiteaker, JJ., dissent.