Cite as 2023 Ark. App. 268

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. E-22-245

| | |
|---|---|
| MARILYN THOMAS | Opinion Delivered May 10, 2023 |
| APPELLANT | |
| | APPEAL FROM THE ARKANSAS |
| V. | BOARD OF REVIEW |
| | [NO. 2021-BR-04806] |
| DIRECTOR, DIVISION OF | |
| WORKFORCE SERVICES | |
| | AFFIRMED IN PART; REMANDED IN |
| APPELLEE | PART |

## BART F. VIRDEN, Judge

Marilyn Thomas ("Thomas") appeals to this court, challenging the Arkansas Board of Review's ("Board's") decision requiring her to repay unemployment-compensation benefits she previously received in the amount of $6,979. We affirm in part and remand in part.

I. *Background and Procedural History*

The record indicates that Thomas received state unemployment benefits between November 7, 2020, and February 20, 2021. In addition, Thomas received weekly Federal Pandemic Unemployment Compensation ("FPUC") between January 1 and February 20, 2021. The record also contains a notice of agency determination dated July 8, 2021, that disqualified Thomas for benefits beginning November 7, 2020, finding that she was discharged from her previous employment for misconduct in connection with the work. A "Notice of Nonfraud Overpayment Determination" dated August 16, 2021, found that

Thomas was required to repay $6,525 for the entirety of benefits received the weeks of November 7, 2020, through February 13, 2021, and $454 for repayment of benefits received[1] the week of February 20, 2021.

Thomas filed an untimely appeal of her underlying benefits disqualification. That case, E-22-212, was affirmed without written opinion on this date. Therefore, we only address the issue of repayment.

## II. *Standard of Review*

Board decisions are upheld if they are supported by substantial evidence. *Blanton v. Dir.*, 2019 Ark. App. 205, 575 S.W.3d 186. Substantial evidence is such relevant evidence that reasonable minds might accept as adequate to support a conclusion. *Id*. In appeals of unemployment-compensation cases, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Id*. Even if there is evidence that could support a different decision, our review is limited to whether the Board could have reasonably reached its decision as a result of the evidence presented. *Id*. However, our function on appeal is not merely to rubber-stamp decisions arising from the Board. *Thomas v. Dir.*, 2019 Ark. App. 468, 587 S.W.3d 612; *Wilson* v. *Dir.*, 2017 Ark. App. 171, 517 S.W.3d 427.

---

[1]The claims-transactions documentation in the record indicates that Thomas was eligible for $595 in benefits for the week of February 20, 2021, yet her nonfraudulent-overpayment notice states she was paid $454 that week. Because the prior monetary determinations in this matter were made using $454 for the week of February 20, we do so here as well.

III. *Analysis*

This court's recent decision in *Carman v. Director*, 2023 Ark. App. 51, 660 S.W.3d 852, confirmed that, for purposes of overpayment of state unemployment benefits, the repayment may be waived "if the director finds that the overpayment was received as a direct result of an error by the Division of Workforce Services and that its recovery would be against equity and good conscience." *Carman*, 2023 Ark. App. 51, at 7, 660 S.W.3d at 857 (quoting Ark. Code Ann. § 11-10-532(b)(2)(A) (Supp. 2021)). *Carman* also holds that FPUC repayment may be waived if the State determines that the payment of the FPUC was without fault on the part of the individual and that such repayment would be contrary to equity and good conscience. *Id.* at 8, 660 S.W.3d at 857 (citing 15 U.S.C. § 9023(f)(2)).

In the present case, the Board found that the overpayment of benefits was a result of Thomas's mischaracterization of her employment separation on her November 2, 2020 benefits application, not due to agency error. We hold that there is substantial evidence to support the Board's findings. Because Thomas fails to satisfy the first prong of her state unemployment-waiver analysis, we affirm the decision requiring Thomas to repay $4,425 in state unemployment benefits she received from November 7, 2020, through February 13, 2021.

However, the Board failed to make any findings regarding the two prongs of the FPUC-waiver analysis outlined in *Carman*. If adequate findings of fact are not made on the issue presented, we remand to the Board for findings of fact and conclusions of law upon which to perform proper appellate review. *Pillow v. Dir.*, 2022 Ark. App. 341, at 4. We

3

therefore remand to the Board for findings of fact and conclusions of law, utilizing the FPUC-waiver analysis prongs, regarding repayment of the $2,100 in FPUC benefits Thomas received from January 2 through February 13, 2021.

The Board also affirmed repayment of $454 in benefits Thomas received the week of February 20, 2021. The record, however, does not specify how that amount is apportioned between state unemployment benefits and FPUC benefits. On remand, the Board shall identify how much of the $454 is attributed to state benefits, identify how much is attributed to FPUC benefits, and make findings in accordance with the required factors for repayment-waiver analysis.

Affirmed in part; remanded in part.

THYER and HIXSON, JJ., agree.

*Marilyn Thomas*, pro se appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.