Cite as 2023 Ark. App. 298

# ARKANSAS COURT OF APPEALS
## DIVISION IV
No. E-22-264

| | | |
|---|---|---|
| JEREMY JOHNSON | | Opinion Delivered May 24, 2023 |
| | APPELLANT | |
| | | APPEAL FROM THE ARKANSAS BOARD OF REVIEW |
| V. | | [NO. 2021-BR-05208] |
| DIRECTOR, DIVISION OF WORKFORCE SERVICES | | AFFIRMED IN PART; REMANDED IN PART |
| | APPELLEE | |

## BART F. VIRDEN, Judge

Jeremy Johnson ("Johnson") appeals to this court, challenging the Arkansas Board of Review's ("Board's") decision to limit the backdating of his unemployment claims. We affirm in part and remand in part.

The Board decision in this matter reversed an Appeal Tribunal's ("Tribunal's") denial of Johnson's request to backdate his continuing unemployment-benefits claims to the week of May 1, 2021. In its decision, the Board found Johnson credible in his testimony that after he had successfully filed his initial claim on or around April 22, 2021, the online reporting system was unable to process his continuing weekly requests. It further found credible Johnson's testimony that he was advised multiple times by Workforce Services personnel to continue to make weekly filing attempts online, and the system would eventually self-correct. The Board noted that Johnson returned to a Workforce Services office on September 7,

2021, and an employee was able to assist him with successfully filing his continuing claim at that time. As a result, the Board found good cause for Johnson's delay in filing weekly claims. However, the Board only authorized two weeks' worth of backdated claims. Johnson now appeals the Board's decision, arguing that the backdating should extend to May 1, 2021, when the original issues with weekly filings began.

To be eligible for weekly benefits, a claimant must comply with Arkansas Code Annotated section 11-10-507 (Supp. 2021) and Department of Workforce Services regulations. Requests for backdating claims is addressed in Regulation 14(b):

> (G) An initial, additional, reopened or continued claim, if filed either by telephone, electronically via the Internet or, in person, shall be considered to have been filed on the date it is received by the Agency. If mailed, such claim shall be considered to have been filed on the date of its postmark. Except that, *if it is determined by the Agency that a delay in the filing or any claim was due to good cause, it may be considered to have been filed on a date no earlier than fourteen (14) days prior to the date the claim*, if filed in person, by telephone, or electronically via the Internet was received by the Agency or, if filed by mail, was postmarked. Provided however, *the Director at his discretion may waive the restrictions in this Paragraph (G) if he finds that extraordinary circumstances exist and equity and justice require such waiver*. All such waivers shall be reported to the Employment Security Department Advisory Council.

003.20.2-14(b) Ark. Admin. Code (WL current through April 15, 2023) (emphasis added).

Board decisions are upheld if they are supported by substantial evidence. *Blanton v. Dir.*, 2019 Ark. App. 205, 575 S.W.3d 186. Substantial evidence is such relevant evidence that reasonable minds might accept as adequate to support a conclusion. *Id.* In appeals of unemployment-compensation cases, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Id.* Even if there is evidence that could support a different decision, our review is limited to whether the Board

could have reasonably reached its decision as a result of the evidence presented. *Id.* However, our function on appeal is not merely to rubber-stamp decisions arising from the Board. *Thomas v. Dir.*, 2019 Ark. App. 468, 587 S.W.3d 612; *Wilson v. Dir.*, 2017 Ark. App. 171, 517 S.W.3d 427.

In this case, there is substantial evidence to support the Board's decision to allow backdating of Johnson's claims. The Board found that Johnson relied on erroneous agency advice, to his detriment. However, the record lacks findings on whether extraordinary circumstances exist and whether equity and justice require further waiver for backdating beyond fourteen days, as claimed by Johnson and contemplated by regulation. Therefore, we remand to the Board for findings in accordance with Regulation 14(b)(G).

Affirmed in part; remanded in part.

HARRISON, C.J., and ABRAMSON, J., agree.

*Jeremy Johnson*, pro se appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.