Cite as 2023 Ark. App. 367

# ARKANSAS COURT OF APPEALS

DIVISION II
No. E-22-305

| | |
|---|---|
| DEBORAH WEMETTE | Opinion Delivered September 6, 2023 |
| APPELLANT | APPEAL FROM THE ARKANSAS BOARD OF REVIEW |
| V. | [NO. 2021-BR-05054] |
| DIRECTOR, DIVISION OF WORKFORCE SERVICES | |
| APPELLEE | AFFIRMED IN PART; REMANDED IN PART |

**STEPHANIE POTTER BARRETT, Judge**

Appellant Deborah Wemette appeals the Arkansas Board of Review's May 2, 2022 findings that granted her request to backdate her unemployment claim but limited her award to a period of fourteen days. We affirm in part and remand in part for further findings.

Wemette owns her own business and was self-employed in 2020 when the COVID epidemic struck the United States. Wemette filed for unemployment benefits, and on April 22, 2020, she received a notice of monetary determination denying her benefits because she did not have sufficient monetary wages to establish a claim. Wemette had filed and received pandemic unemployment assistance (PUA) benefits after her denial of unemployment benefits until the PUA funding expired in December 2020. While receiving PUA benefits, Wemette received a second notice of monetary determination on June 5, 2020, that she was eligible for regular unemployment benefits in the sum of $115 a week.

In late December 2020, Wemette was locked out of her PUA benefits because PUA funds were depleted. On February 1, 2021, Wemette could log into her account. On February 11, 2021, she was instructed by letter to download state-issued identification, which she did on February 22, 2021. Wemette stated the department was not allowing anyone into the building, but she presented the identification to an employee who came to the door and took her identification and copied it. As a result, Wemette was not allowed to speak to anyone regarding her case. Wemette downloaded her work proof as requested. Wemette attempted to communicate with the PUA unit to obtain further benefits and reapplied for PUA benefits. Eventually, the PUA unit sent her a letter on March 10, 2021, advising her she may be eligible for regular unemployment benefits and that she needed a recent regular-benefit determination for her reapplication for PUA benefits. Thus, Wemette filed an application for regular benefits and asked that it be backdated to December 27, 2020.

The Division of Workforce Services issued a "Notice of Agency Determination" to Wemette on August 6, 2021, denying her claim for unemployment benefits under Ark. Code Ann. § 11-10-507(1) (Supp. 2023) and Regulation 14(b) of the Division for failure to show good cause for delay in filing for unemployment benefits. Wemette filed a timely appeal of this decision to the Appeal Tribunal, which conducted a telephone hearing on September 20, 2021. The Tribunal mailed a written decision on October 5, 2021, affirming the Division of Workforce Services' determination. Wemette filed a timely appeal to the Board of Review.

The Board reversed the Tribunal in its decision mailed on May 2, 2022, finding in cases of backdating requests the claimant must show by a preponderance of the evidence that she had good cause for the delay. Claims may only be backdated no earlier than fourteen days prior to the date that the claim was filed. *See* 003.20.2 Ark. Admin. Code § 14(b)(G) (WL current with amendments received through July 15, 2023). In this case, the Board found that Wemette credibly testified that she delayed filing a claim for regular UI benefits because she did not believe she was eligible because the Division previously determined that she did not have sufficient wages to monetarily establish a claim. The Board recognized that Wemette referred to the monetary determination issued on April 22, 2020. The Board noted that the Division issued a monetary determination on June 5, 2020, which shows that Wemette could monetarily establish a claim for regular UI benefits. However, the Board stated it could see how that determination could cause Wemette confusion considering the PUA unit did not stop releasing PUA benefits to her after June 5, 2020. As Wemette believed she was ineligible for regular UI benefits and continued to pursue PUA benefits until she was notified of her regular UI eligibility on March 1, 2021, the Board found that Wemette presented sufficient evidence to establish that she had good cause to delay filing her claim for total unemployment. The Board found that a claim may be backdated no earlier than fourteen days prior to the claim's filing. As Wemette's initial claim was filed on March 25, 2021, her initial claim could be backdated no earlier than March 11, 2021. Therefore, the Board found the Tribunal decision that Wemette did not have good cause to delay in filing a claim for total unemployment under Ark. Code Ann. § 11-10-507(1) and

3

Regulation No. 14(b) should be reversed.  The Board found Wemette's claim for total unemployment shall be considered filed effective March 11, 2021.

On appeal of an unemployment-compensation case, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings.  *Jones v. Dir.*, 2019 Ark. App. 341, 581 S.W.3d 516.  The Board's findings of fact are conclusive if supported by substantial evidence.  *Id.*  Substantial evidence is evidence a reasonable mind might accept as adequate to support a conclusion.  *Id.*  Appellate review is limited to determining whether the Board could reasonably reach its decision based on the evidence before it, even if there is evidence on which the Board might have reached a different decision.  *Higgins v. Dir.*, 2016 Ark. App. 449, 503 S.W.3d 833.  The credibility of witnesses and the weight to be accorded their testimony are matters to be resolved by the Board.  *Id.*

In this case, the Board specifically found that Wemette had good cause for delay in filing for total unemployment but limited itself to the provisions of 003.20.2 Ark. Admin. Code § 14(b)(G), which limits the backdating of a claim showing good cause to fourteen days.

To be eligible for weekly benefits, a claimant must comply with Arkansas Code Annotated section 11-10-507 and Department of Workforce Services regulations.  Requests for backdating claims is addressed in Regulation 14(b):

> (G) An initial, additional, reopened or continued claim, if filed either by telephone, electronically via the Internet or, in person, shall be considered to have been filed on the date it is received by the Agency.  If mailed, such claim shall be considered to have

been filed on the date of its postmark. Except that, *if it is determined by the Agency that a delay in the filing or any claim was due to good cause, it may be considered to have been filed on a date no earlier than fourteen (14) days prior to the date the claim*, if filed in person, by telephone, or electronically via the Internet was received by the Agency or, if filed by mail, was postmarked. Provided however, *the Director at his discretion may waive the restrictions in this Paragraph (G) if he finds that extraordinary circumstances exist and equity and justice require such waiver.* All such waivers shall be reported to the Employment Security Department Advisory Council.

003.20.2 Ark. Admin. Code § 14(b)(G) (emphasis added).

In this case, there is substantial evidence to support the Board's decision to allow backdating of Wemette's claims. The Board found that Wemette relied on erroneous agency advice to her detriment and thereby showed good cause for her delay in filing for her total unemployment benefits. *See Johnson v. Dir.*, 2023 Ark. App. 298. Here, as in *Johnson*, the record lacks findings on whether extraordinary circumstances exist and whether equity and justice require a further waiver for backdating beyond fourteen days, as claimed by Wemette and contemplated by the regulation. Therefore, we remand to the Board for findings in accordance with Regulation 14(b)(G).

We affirm the Board of Review's decision backdating Wemette's claim for unemployment benefits, but we remand for consideration by the Director of whether there were extraordinary circumstances that existed and whether equity and justices require the further waiver of backdating beyond fourteen days.

Affirmed in part; remanded in part.

GLADWIN and HIXSON, JJ., agree.

*Deborah Wemette*, pro se appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.