Cite as 2023 Ark. App. 389

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. E-22-362

| | |
|---|---|
| ANTHONY BROWN | Opinion Delivered September 20, 2023 |
| APPELLANT | |
| | APPEAL FROM THE ARKANSAS BOARD OF REVIEW |
| V. | [NO. 2021-BR-05612] |
| DIRECTOR, DIVISION OF WORKFORCE SERVICES | |
| APPELLEE | AFFIRMED IN PART; REMANDED IN PART |

**BART F. VIRDEN, Judge**

Anthony Brown ("Brown") appeals to this court, challenging the Arkansas Board of Review's ("Board's") decision requiring him to repay unemployment-compensation benefits he previously received in the amount of $3,324. We affirm in part and remand in part.

I. *Background and Procedural History*

The record indicates that Brown received $231 in weekly state unemployment benefits from July 4 through July 25, 2020, which amounts to a total of $924. In addition, Brown received $600 in weekly Federal Pandemic Unemployment Compensation ("FPUC") from July 4 through July 25, 2020, for a total of $2,400. The record also contains a notice of agency determination dated November 20, 2020, that disqualified Brown from receiving benefits beginning June 28, 2020. The Board decision in this matter notes that Brown's disqualification for unemployment benefits was ultimately upheld by the Board in a separate

appeal. That underlying disqualification is not before us because the Board's decision on the matter was not appealed further. We address only the issue of repayment.

## II. *Standard of Review*

Board decisions are upheld if they are supported by substantial evidence. *Blanton v. Dir.*, 2019 Ark. App. 205, 575 S.W.3d 186. Substantial evidence is such relevant evidence that reasonable minds might accept as adequate to support a conclusion. *Id.* In appeals of unemployment-compensation cases, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Id.* Even if there is evidence that could support a different decision, our review is limited to whether the Board could have reasonably reached its decision as a result of the evidence presented. *Id.* However, our function on appeal is not merely to rubber-stamp decisions arising from the Board. *Thomas v. Dir.*, 2019 Ark. App. 468, 587 S.W.3d 612; *Wilson* v. *Dir.*, 2017 Ark. App. 171, 517 S.W.3d 427.

## III. *Analysis*

This court's recent decision in *Carman v. Director*, 2023 Ark. App. 51, 660 S.W.3d 852, confirmed that, for purposes of overpayment of state unemployment benefits, the repayment may be waived "if the director finds that the overpayment was received as a direct result of an error by the Division of Workforce Services *and* that its recovery would be against equity and good conscience." *Carman*, 2023 Ark. App. 51, at 7, 660 S.W.3d at 857 (quoting Ark. Code Ann. § 11-10-532(b)(2)(A) (Supp. 2021)). *Carman* also holds that FPUC repayment may be waived if the State determines that the payment of the FPUC was without

fault on the part of the individual and that such repayment would be contrary to equity and good conscience. *Id.* at 8, 660 S.W.3d at 857 (citing 15 U.S.C. § 9023(f)(2)).

In the present case, the Board found that the overpayment of benefits was a result of a final disqualifying Board determination finding that Brown was not able and available to work during the weeks in question, not due to agency error. We hold that there is substantial evidence to support the Board's findings. The record indicates, and Brown admits, that he was unable to work due to illness and/or quarantine. Because Brown fails to satisfy the first prong of his state unemployment-waiver analysis, we affirm the decision requiring Brown to repay $924 in state unemployment benefits.

However, the Board also found that Brown was not at fault in causing the overpayment. This meets the first prong of the FPUC-waiver analysis. The Board failed to make findings regarding the second prong of the FPUC analysis, i.e., whether repayment would be contrary to equity and good conscience. If adequate findings of fact are not made on the issue presented, we remand to the Board for findings of fact and conclusions of law upon which to perform proper appellate review. *Pillow v. Dir.*, 2022 Ark. App. 341, at 4. We therefore remand to the Board for findings of fact and conclusions of law regarding whether repayment of the $2,400 in FPUC benefits would be contrary to equity and good conscience.

Affirmed in part; remanded in part.

ABRAMSON, J., agrees.

HIXSON, J., concurs.

3

*Anthony Brown*, pro se appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.