Cite as 2023 Ark. App. 452

# ARKANSAS COURT OF APPEALS
DIVISION III
No. E-22-375

| | |
|---|---|
| LOGAN ESTES **APPELLANT** | Opinion Delivered October 18, 2023 |
| V. | APPEAL FROM THE ARKANSAS BOARD OF REVIEW [NO. 2021-BR-05706] |
| DIRECTOR, DIVISION OF WORKFORCE SERVICES **APPELLEE** | AFFIRMED IN PART; REMANDED IN PART |

**RAYMOND R. ABRAMSON, Judge**

Logan Estes ("Estes") appeals to this court, challenging the Arkansas Board of Review's ("Board's") decision requiring her to repay unemployment-compensation benefits she previously received in the amount of $11,160. We affirm in part and remand in part.

I. *Background and Procedural History*

The record indicates that Estes received $135 in weekly state unemployment benefits for the weeks ending March 28 through July 11, 2020, which amounts to a total of $2,160. In addition, Estes received $600 in weekly Federal Pandemic Unemployment Compensation ("FPUC") for the weeks ending April 4 through July 11, 2020, for a total of $9,000. The record also contains a notice of agency determination dated September 15, 2021, that disqualified Estes from receiving benefits beginning March 28, 2020. The decision disqualifying Estes from unemployment benefits was ultimately upheld by the Board in a

separate appeal and affirmed by this court in *Estes v. Director*, No. E-22-399 (Ark. App. Oct. 18, 2023) (aff'd without written opinion). That underlying disqualification is therefore not before us. In this separate appeal, we address only the issue of repayment.

## II. *Standard of Review*

Board decisions are upheld if they are supported by substantial evidence. *Blanton v. Dir.*, 2019 Ark. App. 205, 575 S.W.3d 186. Substantial evidence is such relevant evidence that reasonable minds might accept as adequate to support a conclusion. *Id.* In appeals of unemployment-compensation cases, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Id.* Even if there is evidence that could support a different decision, our review is limited to whether the Board could have reasonably reached its decision based on the evidence presented. *Id.* However, our function on appeal is not merely to rubber-stamp decisions arising from the Board. *Thomas v. Dir.*, 2019 Ark. App. 468, 587 S.W.3d 612; *Wilson v. Dir.*, 2017 Ark. App. 171, 517 S.W.3d 427.

## III. *Analysis*

This court's recent decision in *Carman v. Director*, 2023 Ark. App. 51, 660 S.W.3d 852, confirmed that, for purposes of overpayment of state unemployment benefits, the repayment may be waived "if the director finds that the overpayment was received as a direct result of an error by the Division of Workforce Services *and* that its recovery would be against equity and good conscience." *Carman*, 2023 Ark. App. 51, at 7, 660 S.W.3d at 857 (quoting Ark. Code Ann. § 11-10-532(b)(2)(A) (Supp. 2021)). *Carman* also holds that FPUC

repayment may be waived if the State determines that the payment of the FPUC was without fault on the part of the individual and that such repayment would be contrary to equity and good conscience. *Id.* at 8, 660 S.W.3d at 857 (citing 15 U.S.C. § 9023(f)(2)).

In the present case, the Board found that the overpayment of benefits was a result of a final disqualifying Board determination. The Board stated, more specifically:

> The overpayment must have been caused as a direct result of the Division's error, and it must be against principles of equity and good conscience to require repayment. *See* Ark. Code Ann. 11-10-532(b)(2). In this case, the overpayment resulted from a disqualifying determination. While the claimant may not have been at fault in causing the overpayment, it was not caused as a direct result of the Division's error. Principles of equity and good conscience need not be addressed as the claimant must meet both elements to avoid repayment. Therefore, the Tribunal decision finding the claimant liable for repayment is affirmed.

Here, the Board found that the overpayment of benefits was a result of a final disqualifying Board determination finding that Estes "voluntarily left last work without good cause connected to the work." We hold that there is substantial evidence to support the Board's findings. The record indicates, and Estes admits, that she voluntarily left work in order to avoid the risk of exposing her grandparents, with whom she resided, to COVID-19. Because Estes fails to satisfy the first prong of her state unemployment-waiver analysis that overpayment was received as a result of an error by the Division of Workforce Services, we affirm the decision requiring Estes to repay $2,160 in state unemployment benefits.

Though the Board stated that "the claimant *may not* have been at fault in causing the overpayment," we find that this is insufficient to conclude the inquiry regarding the first

prong of the FPUC-waiver analysis, whether the payment was "without fault on the part of the individual." *Hill v. Dir.*, 2023 Ark. App. 418, ___ S.W.3d ___.

The Board also failed to make findings regarding the second prong of the FPUC-waiver analysis, i.e., whether repayment would be contrary to equity and good conscience. If adequate findings of fact are not made on the issue presented, we remand to the Board for findings of fact and conclusions of law upon which to perform proper appellate review. *Pillow v. Dir.*, 2022 Ark. App. 341, at 4. We therefore remand to the Board for findings of fact and conclusions of law regarding whether the overpayment of $9,000 in FPUC benefits was without fault on the part of Estes and whether repayment would be contrary to equity and good conscience.

Affirmed in part; remanded in part.

VIRDEN and HIXSON, JJ., agree.

*Logan Estes*, pro se appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.