Cite as 2023 Ark. App. 459

# ARKANSAS COURT OF APPEALS
## DIVISION II
No. E-22-366

| | |
|---|---|
| ANA ALANIS | Opinion Delivered October 18, 2023 |
| APPELLANT | |
| | APPEAL FROM THE |
| | ARKANSAS BOARD OF REVIEW |
| V. | [NO. 2021-BR-05302] |
| | |
| DIRECTOR, DIVISION OF | |
| WORKFORCE SERVICES | |
| | AFFIRMED IN PART; REMANDED IN |
| APPELLEE | PART |

**CINDY GRACE THYER, Judge**

Ana Alanis appeals from an order issued by the Arkansas Board of Review ("the Board") on June 7, 2022, requiring her to repay $2,472 in overpaid unemployment-compensation benefits. We affirm in part and remand in part for further findings.

I. *Background and Procedural History*

Alanis was employed by the 21C Museum Hotel in Bentonville when the COVID-19 pandemic struck in early 2020 and caused the hotel to close. Her last day of work was March 15, 2020, and she was officially furloughed on March 28. Alanis sought unemployment benefits. Starting with the week ending on March 28, 2020, she began receiving $168 in weekly state unemployment benefits, and beginning on April 11, 2020, she began receiving $600 in weekly Federal Pandemic Unemployment Compensation (FPUC) benefits. Alanis's

employment with 21C officially ended on August 28 due to lack of business. On September 11, 2020, 21C paid Alanis $2,010 in severance pay.

On February 3, 2021, DWS mailed Alanis a notice of agency determination advising her that her separation payment, which was the equivalent of six weeks of earnings, disqualified her from benefits from March 22, 2020 through April 25, 2020. On June 24, the Division of Workforce Services (DWS) sent Alanis a "Notice of Non-Fraud Overpayment Determination," notifying her that she had been overpaid benefits in the amount of $2,472 for the weeks between March 28 and April 25, 2020. The $2,472 overpayment consisted of $672 in state benefits and $1,800 in FPUC benefits. Citing Arkansas Code Annotated section 11-10-532(b),[1] DWS informed Alanis that she was liable to repay the amount of overpayment on her claim.

Alanis appealed DWS's determination to the Arkansas Appeal Tribunal ("Tribunal"), which affirmed. In doing so, the Tribunal explained that the record contained sufficient evidence to support DWS's determination that Alanis received $2,472 in unemployment benefits to which she was not entitled. As such, the Tribunal concluded that the overpayment was not the direct result of an error by DWS, and Alanis was liable for the overpaid amount.

---

[1]"If the director finds that a person has received an amount as benefits under this chapter to which he or she was not entitled by reasons other than fraud, willful misrepresentation, or willful nondisclosure of facts, the person is liable to repay the amount to the Unemployment Compensation Fund." Ark. Code Ann. § 11-10-532(b)(1) (Supp. 2023).

Alanis then appealed the Tribunal's decision to the Board. The Board noted Alanis's explanation that she did not report the separation pay because she did not receive it until September 2020. The Board continued: "The claimant was not at fault in causing the overpayment. However, the Division was also not at fault in causing the overpayment. Waiver of the overpayment is not considered unless the overpayment was the result of error on the part of the Division. As the overpayment was not the result of error on the part of the Division, there is no relief from the requirement to repay the overpayment." The Board thus affirmed the Tribunal's decision and ordered Alanis to repay $2,472 to the fund. Alanis timely appealed to this court.

## II. *Standard of Review*

Board decisions are upheld if they are supported by substantial evidence. *Blanton v. Dir.*, 2019 Ark. App. 205, 575 S.W.3d 186. Substantial evidence is such relevant evidence that reasonable minds might accept as adequate to support a conclusion. *Id.* In appeals of unemployment-compensation cases, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Id.* Even if there is evidence that could support a different decision, our review is limited to whether the Board could have reasonably reached its decision as a result of the evidence presented. *Id.* However, our function on appeal is not merely to rubber-stamp decisions arising from the Board. *Brown v. Dir.*, 2023 Ark. App. 389.

## III. *Analysis*

This court's recent decision in *Carman v. Director*, 2023 Ark. App. 51, 660 S.W.3d 852, confirmed that, for purposes of overpayment of state unemployment benefits, the repayment may be waived "if the director finds that the overpayment was received as a direct result of an error by the Division of Workforce Services and that its recovery would be against equity and good conscience." *Carman*, 2023 Ark. App. 51, at 7, 660 S.W.3d at 857 (quoting Ark. Code Ann. § 11-10-532(b)(2)(A)). *Carman* also holds that FPUC repayment may be waived if the State determines that the payment of the FPUC was without fault on the part of the individual *and* that such repayment would be contrary to equity and good conscience. *Id.* at 8, 660 S.W.3d at 857 (citing 15 U.S.C. § 9023(f)(2)) (emphasis added).

We find substantial evidence to support the Board's upholding of the decision that the September 2020 severance payments disqualified Alanis from benefits. *See* Ark. Code Ann. § 11-10-517(1)(A)(i)*(a)* (Supp. 2023).[2] We likewise agree with its decision that the Division was not at fault in causing the overpayment. Because the overpayment was not due to agency error, we affirm the decision requiring Alanis to repay $672 in state benefits.

However, the Board also found that Alanis was not at fault in causing the overpayment. This meets the first prong of the FPUC-waiver analysis under 15 U.S.C. § 9023(f)(2). The Board failed, however, to make findings regarding the second prong of the FPUC analysis, i.e., whether repayment would be contrary to equity and good conscience. If

---

[2]Under this statute, separation payments are treated as earnings and are "disqualifying for the number of weeks following the date of the separation that equals the number of weeks of wages received in the separation payment."

adequate findings of fact are not made on the issue presented, we remand to the Board for findings of fact and conclusions of law upon which to perform proper appellate review. *Pillow v. Dir.*, 2022 Ark. App. 341, at 4. We therefore remand to the Board for findings of fact and conclusions of law regarding whether repayment of the $1,800 in FPUC benefits would be contrary to equity and good conscience.

Affirmed in part; remanded in part.

BARRETT and WOOD, JJ., agree.

*Ana Alanis*, pro se appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.