Cite as 2023 Ark. App. 547

# ARKANSAS COURT OF APPEALS
DIVISION I

No. E-22-484

| | | |
|---|---|---|
| TIJUANA WEBSTER | | Opinion Delivered November 29, 2023 |
| | APPELLANT | |
| | | APPEAL FROM THE ARKANSAS BOARD OF REVIEW |
| V. | | [NO. 2022-BR-00481] |
| DIRECTOR, DIVISION OF WORKFORCE SERVICES | | AFFIRMED IN PART; REMANDED IN PART |
| | APPELLEE | |

**CINDY GRACE THYER, Judge**

Tijuana Webster appeals to this court, challenging the Arkansas Board of Review's ("Board's") decision requiring her to repay unemployment-compensation benefits she previously received in the amount of $2,205. We affirm in part and remand in part.

I. *Background and Procedural History*

The record indicates that Webester received $107 in weekly state unemployment benefits for the weeks ending October 3, 2020, through January 9, 2021, for a total of $1,605. In addition, Webster received $300 in weekly Federal Pandemic Unemployment Compensation ("FPUC") for the weeks ending January 2 through January 9, 2021, for a total of $600. The record also contains a notice of agency determination dated December 2, 2021, that disqualified Webster from receiving benefits beginning September 29, 2020. The decision disqualifying Webster from unemployment benefits was ultimately upheld by the

Board in a separate appeal and affirmed by this court in *Webster v. Director*, E-22-483 (Ark. App. Nov. 15, 2023) (aff'd without written opinion). That underlying disqualification is therefore not before us. In this separate appeal, we address only the issue of repayment.

## II. *Standard of Review*

Board decisions are upheld if they are supported by substantial evidence. *Blanton v. Dir.*, 2019 Ark. App. 205, 575 S.W.3d 186. Substantial evidence is such relevant evidence that reasonable minds might accept as adequate to support a conclusion. *Id.* In appeals of unemployment-compensation cases, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Id.* Even if there is evidence that could support a different decision, our review is limited to whether the Board could have reasonably reached its decision on the basis of the evidence presented. *Id.* However, our function on appeal is not merely to rubber-stamp decisions arising from the Board. *Thomas v. Dir.*, 2019 Ark. App. 468, 587 S.W.3d 612; *Wilson v. Dir.*, 2017 Ark. App. 171, 517 S.W.3d 427.

## III. *Analysis*

This court's recent decision in *Carman v. Director*, 2023 Ark. App. 51, 660 S.W.3d 852, confirmed that, for purposes of overpayment of state unemployment benefits, the repayment may be waived "if the director finds that the overpayment was received as a direct result of an error by the Division of Workforce Services *and* that its recovery would be against equity and good conscience." *Carman*, 2023 Ark. App. 51, at 7, 660 S.W.3d at 857 (quoting Ark. Code Ann. § 11-10-532(b)(2)(A) (Supp. 2021)). *Carman* also holds that FPUC

2

repayment may be waived if the State determines that the payment of the FPUC was without fault on the part of the individual and that such repayment would be contrary to equity and good conscience. *Id.* at 8, 660 S.W.3d at 857 (citing 15 U.S.C. § 9023(f)(2)).

In the present case, the Board affirmed and adopted the decision of the Tribunal which found that the overpayment of benefits was a result of a final disqualifying Board determination—that Webster "voluntarily left last work without good cause connected to the work"—and not due to an error by the Division. As stated above, to avoid repayment of state unemployment benefits, the overpayment must have been caused as a direct result of the Division's error, and it must be against principles of equity and good conscience to require repayment. *See* Ark. Code Ann. § 11-10-532(b)(2). Because Webster failed to satisfy the first prong of her state unemployment-waiver analysis that overpayment was received as a result of an error by the Division of Workforce Services, we affirm the decision requiring Webster to repay $1,605 in state unemployment benefits.

However, Webster also received FPUC benefits. For the repayment of federal benefits to be waived, the Division must find that the federal payments were made without fault on the part of the claimant and that repayment would be contrary to equity and good conscience. *See* 15 U.S.C. § 9023(f)(2). Here, neither the Tribunal nor the Board performed the required federal-waiver analysis to determine whether the $600 in FPUC must be repaid, and no findings were made with regard to that analysis. Whether sufficient findings of fact have been made is a threshold question in an appeal from an administrative board. *Id.* If adequate findings of fact are not made on the issue presented, we remand to the Board for

it to provide findings of fact and conclusions of law upon which to perform proper appellate review. *Id.* Therefore, we must remand for further findings as to, first, whether Webster was at fault and, second, whether repayment would be contrary to equity and good conscience before requiring her to repay the $600 in FPUC benefits.

In sum, we affirm the decision requiring Webster to repay the $1,605 in state benefits and remand for further findings regarding whether Webster is required to repay the $600 in FPUC benefits for the reasons set forth above.

Affirmed in part; remanded in part.

ABRAMSON and MURPHY, JJ., agree.

*Tijuana Webster*, pro se appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.