Cite as 2024 Ark. App. 47

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. E-22-404

| | |
|---|---|
| STACY BRIDGES<br><br>APPELLANT<br><br>V.<br><br>DIRECTOR, DIVISION OF<br>WORKFORCE SERVICES<br><br>APPELLEE | Opinion Delivered January 24, 2024<br><br>APPEAL FROM THE ARKANSAS<br>BOARD OF REVIEW<br>[NO. 2022-BR-00048]<br><br>AFFIRMED IN PART; REMANDED IN<br>PART |

**CINDY GRACE THYER, Judge**

Appellant Stacy Bridges appeals from an order issued by the Arkansas Board of Review (Board) affirming the determination of the Appeal Tribunal (Tribunal) requiring her to repay $6,096 in unemployment-compensation benefits. We affirm in part and remand in part.

I. *Background and Procedural History*

The record indicates that Bridges received $81 in weekly state unemployment benefits for the weeks ending January 23 through May 8, 2021, for a total of $1,296. In addition, Bridges received $300 in weekly Federal Pandemic Unemployment Compensation ("FPUC") during that same time period for a total of $4,800 in FPUC benefits. The record also contains a notice of agency determination dated September 29, 2021, that disqualified Bridges from receiving benefits beginning January 8, 2021. The decision disqualifying

Bridges from unemployment benefits was ultimately upheld by the Board in case No. 2022-BR-00047 after Bridges was found, after a *Paulino*[1] hearing, to have filed an untimely appeal of a decision by the Division of Workforce Services (Division) to the Tribunal.[2] That underlying disqualification is therefore not before us. In this separate appeal, we address only the issue of repayment.

On November 4, 2021, the Division issued a notice of nonfraud overpayment to Bridges based on the Division's determination that she had been disqualified from receiving benefits. Bridges timely filed an appeal of the overpayment determination to the Tribunal. A hearing was held on the overpayment issue on November 30, 2021, after which the Tribunal found that the overpayment was not due to Division error and that Bridges was, therefore, liable for repayment.

Bridges appealed the Tribunal's decision to the Board. After reviewing the record, the Board affirmed and adopted the decision of the Tribunal. Bridges has appealed the overpayment determination.

## II. *Standard of Review*

Board decisions are upheld if they are supported by substantial evidence. *Blanton v. Dir.*, 2019 Ark. App. 205, 575 S.W.3d 186. Substantial evidence is such relevant evidence

---

[1]*Paulino v. Daniels*, 269 Ark. 676, 559 S.W.2d 760 (Ark. Ct. App. 1980).

[2]We previously remanded for additional findings or to supplement the record, because the order affirming the disqualification of benefits was not included in our record. *Bridges v. Dir.*, 2023 Ark. App. 498.

that reasonable minds might accept as adequate to support a conclusion. *Id.* In appeals of unemployment-compensation cases, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Id.* Even if there is evidence that could support a different decision, our review is limited to whether the Board could have reasonably reached its decision on the basis of the evidence presented. *Id.* However, our function on appeal is not merely to rubber-stamp decisions arising from the Board. *Thomas v. Dir.*, 2019 Ark. App. 468, 587 S.W.3d 612; *Wilson v. Dir.*, 2017 Ark. App. 171, 517 S.W.3d 427.

III. *Analysis*

This court's recent decision in *Carman v. Director*, 2023 Ark. App. 51, 660 S.W.3d 852, confirmed that, for purposes of overpayment of state unemployment benefits, the repayment may be waived "if the director finds that the overpayment was received as a direct result of an error by the Division of Workforce Services *and* that its recovery would be against equity and good conscience." *Carman*, 2023 Ark. App. 51, at 7, 660 S.W.3d at 857 (quoting Ark. Code Ann. § 11-10-532(b)(2)(A) (Supp. 2021)). *Carman* also holds that FPUC repayment may be waived if the State determines that the payment of the FPUC was without fault on the part of the individual and that such repayment would be contrary to equity and good conscience. *Id.* at 8, 660 S.W.3d at 857 (citing 15 U.S.C. § 9023(f)(2)).

In the present case, the Board affirmed and adopted the decision of the Tribunal, which found that the overpayment of benefits was a result of a final disqualifying Board determination and not due to an error by the Division. As stated above, to avoid repayment

3

of state unemployment benefits, the overpayment must have been caused as a direct result of the Division's error, and it must be against principles of equity and good conscience to require repayment. *See* Ark. Code Ann. § 11-10-532(b)(2). Because Bridges failed to satisfy the first prong of her state unemployment-waiver analysis that overpayment was received as a result of an error by the Division, we affirm the Board's decision requiring Bridges to repay $1,296 in state unemployment benefits.

However, Bridges also received FPUC benefits. For the repayment of federal benefits to be waived, the Division must find that the federal payments were made without fault on the part of the claimant and that repayment would be contrary to equity and good conscience. *See* 15 U.S.C. § 9023(f)(2). Here, neither the Tribunal nor the Board performed the required federal-waiver analysis to determine whether the $4,800 in FPUC benefits must be repaid, and no findings were made with regard to that analysis. Whether sufficient findings of fact have been made is a threshold question in an appeal from an administrative board. *Id.* If adequate findings of fact are not made on the issue presented, we remand to the Board for it to provide findings of fact and conclusions of law upon which to perform proper appellate review. *Id.* Therefore, we must remand for further findings as to, first, whether Bridges was at fault and, second, whether repayment would be contrary to equity and good conscience before requiring her to repay the $4,800 in FPUC benefits.

In sum, we affirm the decision requiring Bridges to repay the $1,296 in state benefits and remand for further findings regarding whether Bridges is required to repay the $4,800 in FPUC benefits for the reasons set forth above.

Affirmed in part; remanded in part.

GRUBER and BROWN, JJ., agree.

*Stacy Bridges*, pro se appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.