Cite as 2024 Ark. App. 39

# ARKANSAS COURT OF APPEALS

DIVISION I
No. E-22-438

| | |
|---|---|
| | **Opinion Delivered** January 24, 2024 |
| ONTARIA JACKSON | |
| APPELLANT | APPEAL FROM THE ARKANSAS BOARD OF REVIEW |
| V. | [NO. 2022-BR-00237] |
| DIRECTOR, DIVISION OF WORKFORCE SERVICES | REVERSED AND DISMISSED |
| APPELLEE | |

## BART F. VIRDEN, Judge

This case returns to us after a remand to supplement the record. *Jackson v. Dir.*, 2023 Ark. App. 511. In this matter, appellant, Ontaria Jackson, appeals an adverse ruling of the Board of Review (Board) affirming the Appeal Tribunal's (Tribunal's) finding that she untimely filed an overpayment-determination appeal and is therefore required to repay unemployment benefits. We reverse and dismiss.

### I. *Background and Procedural History*

On April 5, 2021, the Division of Workforce Services (DWS) issued a "Notice of Nonfraud Overpayment Determination" finding that Jackson must repay $11,625 in unemployment benefits for which she had initially been found eligible but was later disqualified. On December 9, 2021, a tax-intercept letter was mailed to her, informing her

that this amount could also be garnished from any government tax refunds to which she may be entitled. On December 22, 2021, she filed an appeal of the overpayment determination to the Tribunal.

The record indicates that after a hearing on Ontaria's appeal of the underlying unemployment-benefits disqualification determination, the Tribunal overturned her disqualification in a decision mailed May 20, 2021. It specifically found that she was discharged due to lack of work and was eligible to receive unemployment benefits. This is the last action taken on the underlying benefits claim and therefore a final agency decision.

## II. *Standard of Review*

Board decisions are upheld if they are supported by substantial evidence. *Blanton v. Dir.*, 2019 Ark. App. 205, 575 S.W.3d 186. Substantial evidence is such relevant evidence that reasonable minds might accept as adequate to support a conclusion. *Id.* In appeals of unemployment-compensation cases, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Id.* Even if there is evidence that could support a different decision, our review is limited to whether the Board could have reasonably reached its decision as a result of the evidence presented. *Id.* However, our function on appeal is not merely to rubber-stamp decisions arising from the Board. *Thomas v. Dir.*, 2019 Ark. App. 468, 587 S.W.3d 612; *Wilson* v. *Dir.*, 2017 Ark. App. 171, 517 S.W.3d 427.

## III. *Analysis*

Ontaria's argument regarding lack of timeliness in filing the overpayment appeal is that she previously received an agency decision in her favor allowing her benefits claim. She argues that she appealed only because she received a tax-intercept letter that contradicted the official agency qualification determination. We find this argument persuasive. The record supports Ontaria's claims of conflicting decisions, letters, and communications regarding overpayment requirement. At her hearing before the Tribunal on January 18, 2022, the hearing officer conceded that the notice of nonfraud overpayment should be reversed because of her successful appeal on the underlying merits, yet the Tribunal dismissed the overpayment appeal. Therefore, the Board lacked substantial evidence that Ontaria's late overpayment appeal was not due to circumstances beyond her control due to the contradictory government-sourced correspondence Ontaria received. We therefore reverse the Board's decision on this issue.

Because Ontaria's original denial of benefits was reversed by the Tribunal in a final agency decision, there is now no evidence of her receiving benefits to which she was not entitled, as required for pursuit of nonfraudulent repayment under Ark. Code Ann. § 11-10-532(b) (Supp. 2023). There is now no overpayment to collect, so this matter is dismissed.

Reversed and dismissed.

GLADWIN and WOOD, JJ., agree.

*Ontaria Jackson*, pro se appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.

3